Exhibit A

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/02/2016** at 11:07:41 AM

Clerk of the Superior Court
By Richard Day,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. 37-2016-00030725-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br><br>5. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.<br><br>DEMAND FOR A JURY TRIAL |

Exhibit A

Plaintiff Eugene Sanders ("PLAINTIFF") an individual, on behalf of himself and all other similarly situated current and former employees, alleges upon information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Plaintiff Eugene Sanders worked for Defendant Old Dominion Freight Line Inc. ("DEFENDANT") in California from September of 2014 through October of 2015 as a Truck Driver.  As a Truck Driver, PLAINTIFF's work required the performance of manual labor consisting of driving DEFENDANT's trucks and transporting for DEFENDANT in California. In performing these duties, PLAINTIFF did not utilize any independent discretion, judgment, or management decisions with respect to matters of significance.  To the contrary, the work of PLAINTIFF as a Truck Driver was to provide on a daily basis the transportation of goods in accordance with the management decisions and business policies established by DEFENDANT. As a result, PLAINTIFF was entitled to be paid minimum wages, accurate wage statements, and meal and rest periods as required by California law.  PLAINTIFF was paid by piece-rate only while he was employed as a Truck Driver for DEFENDANT.  Importantly, he was not provided with minimum wages for his non-production work time. PLAINTIFF also did not receive paid rest breaks as required by California law and DEFENDANT failed to provide PLAINTIFF with the legally required meal periods. DEFENDANT failed to pay PLAINTIFF the correct amount of compensation because DEFENDANT established an illegal pay practice of paying PLAINTIFF on a piece rate basis when delivering loads at the locations assigned by DEFENDANT. DEFENDANT however failed to pay minimum wages for compensable time worked.  The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

2.    Defendant Old Dominion Freight Line Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California. DEFENDANT operates a fleet of more than 6,900 tractors and more than 27,000 trailers from more than 220 service centers. In addition to its core LTL

2

services, the company offers its customers a broad range of logistics services including ground and air transportation, supply chain consulting, container delivery and warehousing and household moving.

3.     PLAINTIFF brings this class action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

4.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based thereon, alleges that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

5.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

Exhibit A

## THE CONDUCT

6.      The work required to be performed by PLAINTIFF and the other CALIFORNIA CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods within the State of California in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set. PLAINTIFF and CALIFORNIA CLASS Members were not compensated through a monthly salary.  PLAINTIFF and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to be ready for transport. DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum compensation to PLAINTIFF and the other CALIFORNIA CLASS Members for their documented time worked.

7.      Individuals in these Truck Driver positions are and were employees who are entitled to minimum wage compensation and prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.

8.      Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage Order as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly

4

Exhibit A

1  compensation for time spent performing other non-driving tasks directed by DEFENDANT
2  during their work shifts.

3      9.    In addition, DEFENDANT failed to provide all the legally required unpaid, off-
4  duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and
5  the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor
6  Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally
7  required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to
8  the PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's
9  failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with all the legally
10 required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is
11 evidenced by DEFENDANT's business records.

12     10.    From time to time, DEFENDANT also failed to provide the PLAINTIFF and the
13 other members of the CALIFORNIA CLASS with complete and accurate wage statements
14 which failed to show, among other things, the correct minimum wages for time worked,
15 including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226
16 provides that every employer shall furnish each of his or her employees with an accurate
17 itemized wage statement in writing showing, among other things, gross wages earned and all
18 applicable hourly rates in effect during the pay period and the corresponding amount of time
19 worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other
20 members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code
21 § 226.

22     11.    DEFENDANT as a matter of corporate policy, practice and procedure,
23 intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFF
24 and the other CALIFORNIA CLASS Members for required business expenses incurred by the
25 PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
26 their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers
27 are required to indemnify employees for all expenses incurred in the course and scope of their
28 employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

1   her employee for all necessary expenditures or losses incurred by the employee in direct

2   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

3   the employer, even though unlawful, unless the employee, at the time of obeying the directions,

4   believed them to be unlawful."

5       12.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

6   Members as a business expense, were required by DEFENDANT to use their own personal

7   cellular phones as a result of and in furtherance of their job duties as employees for

8   DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

9   associated with the use of their personal cellular phones for DEFENDANT's benefit.  As a

10  result, in the course of their employment with DEFENDANT the PLAINTIFF and other

11  members of the CALIFORNIA CLASS incurred unreimbursed business expenses which

12  included, but were not limited to, costs related to the use of their personal cellular phones all

13  on behalf of and for the benefit of DEFENDANT.

14      13.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS,

15  seeks to recover all the compensation that DEFENDANT is required by law to provide, but

16  failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members.  PLAINTIFF

17  also seeks penalties and all other relief available to him and other CALIFORNIA CLASS

18  Members under California law.  Finally, PLAINTIFF seeks declaratory relief finding that the

19  employment practices and policies of the DEFENDANT violated California law and injunctive

20  relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

21      14.    In performing the conduct herein alleged, the DEFENDANT's wrongful conduct

22  and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFF and the

23  other members of the CALIFORNIA CLASS of money and career opportunities to which they

24  were lawfully entitled.  DEFENDANT engaged in such wrongful conduct by failing to have

25  adequate employment policies and maintaining adequate employment practices consistent with

26  such policies and the applicable law.  DEFENDANT's wrongful conduct as herein alleged

27  caused the money belonging to the PLAINTIFF and the other members of the CALIFORNIA

28  CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for

Exhibit A

DEFENDANT's own use.

15.   DEFENDANT's practices violated and continue to violate the law, regardless of whether the employees' work is paid by commission, by salary, by piece rate, or by part commission, part piece rate, and/or part salary.  As a result of this policy and practice, DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

16.   Accordingly, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by engaging in company-wide policies that violated the California Labor Code and regulations promulgated thereunder as herein alleged.

## THE CALIFORNIA CLASS

17.   PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT as Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18.   DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive method to calculate minimum, and payment for missed meal periods and off-duty rest breaks owed to the PLAINTIFF and the other members of the CALIFORNIA CLASS.

19.   All CALIFORNIA CLASS Members, including the PLAINTIFF, performed the same manual labor and were paid by DEFENDANT according to uniform and systematic

7

1  company procedures, which, as alleged herein above, and failed to correctly pay minimum

2  wages.  This business practice is uniformly applied to each and every member of the

3  CALIFORNIA CLASS, and therefore, the propriety of these business practices can be

4  adjudicated on a class-wide basis.

5      20.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

6  California law by:

7          (a)    Committing an act of unfair competition in violation of the California

8                 Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

9                 unlawfully, unfairly and deceptively having in place company policies,

10                 practices and procedures that uniformly denied PLAINTIFF and the

11                 members of the CALIFORNIA CLASS the correct minimum wages and

12                 otherwise violated applicable law;

13         (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

14                 §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

15                 having in place company policies, practices and procedures that uniformly

16                 and systematically fail to provide and record all the legally required

17                 unpaid, off-duty meal periods and all the legally required paid, off-duty

18                 rest periods to the PLAINTIFF and the CALIFORNIA CLASS members;

19                 and,

20         (c)    Committing an act of unfair competition in violation of the California

21                 Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

22                 violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF

23                 and the CALIFORNIA CLASS members with necessary expenses

24                 incurred in the discharge of their job duties.

25      21.    This Class Action meets the statutory prerequisites for the maintenance of a Class

26  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27         (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

28                 that the joinder of all CALIFORNIA CLASS Members is impracticable

8

CLASS ACTION COMPLAINT

1    and the disposition of their claims as a class will benefit the parties and the

2    Court;

3    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

4    that are raised in this Complaint are common to the CALIFORNIA

5    CLASS and will apply uniformly to every member of the CALIFORNIA

6    CLASS;

7    (c)    The claims of the representative PLAINTIFF are typical of the claims of

8    each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other

9    members of the CALIFORNIA CLASS, was subjected to

10    DEFENDANT's illegal practice of failing to pay minimum wages for all

11    time worked by the PLAINTIFF and other members of the CALIFORNIA

12    CLASS.  PLAINTIFF sustained economic injury as a result of

13    DEFENDANT's employment practices.  PLAINTIFF and the members

14    of the CALIFORNIA CLASS were and are similarly or identically harmed

15    by the same unlawful, deceptive, unfair and pervasive pattern of

16    misconduct engaged in by the DEFENDANT; and,

17    (d)    The representative PLAINTIFF will fairly and adequately represent and

18    protect the interest of the CALIFORNIA CLASS, and has retained

19    counsel who are competent and experienced in Class Action litigation.

20    There are no material conflicts between the claims of the representative

21    PLAINTIFF and the members of the CALIFORNIA CLASS that would

22    make class certification inappropriate.  Counsel for the CALIFORNIA

23    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

24    Members.

25    22.    In addition to meeting the statutory prerequisites to a Class Action, this action is

26    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

27    (a)    Without class certification and determination of declaratory, injunctive,

28    statutory and other legal questions within the class format, prosecution of

CLASS ACTION COMPLAINT

Exhibit A

separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)  Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT subjects these employees to DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim Plaintiff seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question

10

Exhibit A

affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA CLASS.

23. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

11

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically,

12

1  intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

2  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

3  any additional job titles of similarly situated employees when they have been identified.

4

5  ## THE CALIFORNIA LABOR SUBCLASS

6      25.    PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on

7  behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who

8  are or previously were employed by DEFENDANT as Truck Driver employees and worked in

9  California (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3)

10  years prior to the filing of the complaint and ending on the date as determined by the Court (the

11  "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

12  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS

13  Members is under five million dollars ($5,000,000.00).

14      26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

15  LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS

16  PERIOD should be adjusted accordingly.

17      27.    DEFENDANT, as a matter of company policy, practice and procedure, and in

18  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

19  requirements, and the applicable provisions of California law, intentionally, knowingly, and

20  wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

21  compensation for the time worked by the PLAINTIFF and the other members of the

22  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

23  work, required employees to perform this work and permitted or suffered to permit this work.

24  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

25  wages to which these employees are entitled in order to unfairly cheat the competition and

26  unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

27  LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

28  PERIOD should be adjusted accordingly.

28.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay minimum wage compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations;

(b)    Whether DEFENDANT's policy and practice of failing to pay CALIFORNIA LABOR SUBCLASS Members wages, including minimum wages for all time worked, violates applicable provisions of California law;

(c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(d)    Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUBCLASS Members with accurate records of time worked;

(e)    Whether DEFENDANT failed to reimburse CALIFORNIA LABOR SUB-CLASS Members for business expenses incurred that were necessary to perform their job duties for DEFENDANT; and,

(f)    Whether DEFENDANT's conduct was willful.

29.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b)    Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFF

14

1    and the CALIFORNIA LABOR SUBCLASS Members with an accurate

2    itemized statement in writing showing the gross wages earned, the net

3    wages earned, all applicable hourly rates in effect during the pay period

4    and the corresponding amount of time worked at each hourly rate by the

5    employee; and,

6    (c)  Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF

7    and the CALIFORNIA CLASS members with necessary expenses

8    incurred in the discharge of their job duties.

9    30.  This Class Action meets the statutory prerequisites for the maintenance of a Class

10   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11   (a)  The persons who comprise the CALIFORNIA LABOR SUBCLASS are

12   so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS

13   members is impracticable and the disposition of their claims as a class will

14   benefit the parties and the Court;

15   (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

16   that are raised in this Complaint are common to the CALIFORNIA

17   LABOR SUBCLASS and will apply uniformly to every member of the

18   CALIFORNIA LABOR SUBCLASS;

19   (c)  The claims of the representative PLAINTIFF are typical of the claims of

20   each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF,

21   like all other members of the CALIFORNIA LABOR SUBCLASS, was

22   denied compensation for all time worked as a result of DEFENDANT's

23   systematic illegal and deceptive pay practices. PLAINTIFF and all other

24   members of the CALIFORNIA LABOR SUBCLASS sustained economic

25   injuries arising from DEFENDANT's violations of the laws of California.

26   PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS

27   were and are similarly or identically harmed by the same unlawful,

28   deceptive, unfair and pervasive pattern of misconduct engaged in by the

15

CLASS ACTION COMPLAINT

DEFENDANT as described above; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

31.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)      Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUBCLASS as a whole in that the

16

CLASS ACTION COMPLAINT

DEFENDANT fails to pay these employees minimum wage compensation as a result of DEFENDANT's company wide illegal and deceptive pay practices;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUBCLASS members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a Class Action; and,

5)    The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

32.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and

17

efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR

18

SUBCLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

**JURISDICTION AND VENUE**

34.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

35.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked for DEFENDANT in this County and DEFENDANT (i) currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37.   DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38.   California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39.   By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197, 1198 and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.   By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.   By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a

systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule for the PLAINTIFF and other CALIFORNIA CLASS Members was set by DEFENDANT.

42.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

45.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

46.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

47.    All the acts described herein as violations of, among other things, the Industrial

Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

49.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

50.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

51.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

1 through 50 of this Complaint.

52.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

53.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

55.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

56.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

57.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

58.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

Exhibit A

benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

59.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

60.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

61.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.    DEFENDANT knew or should have known that the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

63.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order

CLASS ACTION COMPLAINT

Exhibit A

to increase company profits at the expense of these employees.

64.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.   Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

65.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

66.    Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.     From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee.  DEFENDANT failed to provide the PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226..

68.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA

LABOR SUBCLASS.   These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.   These damages are difficult to estimate.   Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

69.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

72.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later

27

than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

74.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

76.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

77.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

76 of this Complaint.

78.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

79.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

80.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS;

    C)    Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

    D)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.    On behalf of the CALIFORNIA LABOR SUBCLASS:

    A)    That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

D)     The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

(E)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.     On all claims:

A)     An award of interest, including prejudgment interest at the legal rate;

B)     Such other and further relief as the Court deems just and equitable; and,

C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, §1194 and/or §2802.

Dated: September 2, 2016        BLUMENTHAL, NORDREHAUG & BHOWMIK

By:    _/s/ Norman Blumenthal_
          Norman B. Blumenthal
          Attorneys for Plaintiff

Exhibit A

Exhibit A

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on issues triable to a jury.

Dated: September 2, 2016            BLUMENTHAL, NORDREHAUG & BHOWMIK


                                By:   _/s/ Norman Blumenthal_
                                      Norman B. Blumenthal
                                      Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-Complaint-FINAL.wpd

CLASS ACTION COMPLAINT

Exhibit A

Exhibit B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1
through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EUGENE SANDERS, an individual, on behalf of himself, and on behalf
of all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/02/2016** at 11:07:41 AM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2016-00030725-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687)                Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik              Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE:<br>*(Fecha)* 09/06/2016 | Clerk, by<br>*(Secretario)* R. Day | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* OLD DOMINION FREIGHT LINE INC.

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 10-20-16

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Exhibit B

Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal  (Bar # 68687)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Eugene Sanders | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/02/2016** at 11:07:41 AM<br><br>Clerk of the Superior Court<br>By Richard Day, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
**SANDERS v. OLD DOMINION**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2016-00030725-CU-OE-CTL |
| | | | | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [X] Substantial amount of documentary evidence
  d. [X] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 2, 2016

Norman Blumenthal                                    ▶ /s/ Norman Blumenthal
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exhibit C

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7071 | |

PLAINTIFF(S) / PETITIONER(S):  Eugene Sanders

DEFENDANT(S) / RESPONDENT(S):  Old Dominion Freight Line Inc

SANDERS VS OLD DOMINION FREIGHT LINE INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2016-00030725-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Gregory W Pollack          Department: C-71

COMPLAINT/PETITION FILED: 09/02/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/10/2017 | 01:00 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00030725-CU-OE-CTL      CASE TITLE: Sanders vs Old Dominion Freight Line Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit E


**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |

| PLAINTIFF(S): Eugene Sanders |
|---|
| DEFENDANT(S): Old Dominion Freight Line Inc |
| SHORT TITLE: SANDERS VS OLD DOMINION FREIGHT LINE INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE <br> DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2016-00030725-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                                      Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)             ☐ Non-binding private arbitration

☐ Mediation (private)                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)            ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____               Date: _____


_____               _____
Name of Plaintiff                                Name of Defendant


_____               _____
Signature                                        Signature


_____               _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney


_____               _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/08/2016                                _____
                                                 JUDGE OF THE SUPERIOR COURT

**McGuireWoods LLP**
Matthew C. Kane (SBN #171829)
    Email:  mkane@mcguirewoods.com
Sabrina A. Beldner (SBN #221918)
    Email:  sbeldner@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
    Email:  skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for OLD DOMINION FREIGHT LINE, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/18/2016** at 04:43:00 PM

Clerk of the Superior Court
By Cody Newlan,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>       vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>            Defendants. | CASE NO. 37-2016-00030725-CU-OE-CTL<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTIES OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

84397537.1

Exhibit G

**TO THE CLERK OF THE SUPERIOR COURT AND TO PLAINTIFF EUGENE SANDERS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2016, Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant") filed a Notice of Removal of Civil Action from State Court (the "Removal Notice") in the United States District Court for the Southern District of California (the "Federal Court"), a copy of which is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, and all other applicable bases for removal, the filing of the Removal Notice in the Federal Court, together with the filing of this Notice to State Court and the copy of the Removal Notice attached hereto as Exhibit 1, effects the removal of the above-entitled action from this Court to the Federal Court, and this Court may proceed no further with the action unless and until this action is remanded.

DATED: November 18, 2016            **McGuireWoods LLP**


By: _____
                                    Matthew C. Kane, Esq.
                                    Sabrina A. Beldner, Esq.
                                    Sylvia J. Kim, Esq.

                        Attorneys for Old Dominion Freight Line, Inc.

**NOTICE TO STATE COURT AND ADVERSE PARTIES OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Exhibit G

Exhibit G

# EXHIBIT 1

Exhibit G

**MCGUIREWOODS LLP**
Matthew C. Kane (SBN #171829)
   Email:  mkane@mcguirewoods.com
Sabrina A. Beldner (SBN #221918)
   Email:  sbeldner@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
   Email:  skim@mcguirewoods.com
1800 Century Park East
8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for OLD DOMINION FREIGHT LINE, INC.

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>       Plaintiff,<br><br>     vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>       Defendants. | CASE NO.   **'16 CV 2837 CAB NLS**<br><br>[San Diego County Superior Court Case No. 37-2016-00030725-CU-OE-CTL]<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

83347273.1

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit G

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant" or "ODFL"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of San Diego (the "State Court") to the United States District Court for the Southern District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support of this Notice of Removal, Defendant avers as follows:

## I.   STATEMENT OF JURISDICTION

1.   CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

2.   There is no presumption against removal under CAFA.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("*Dart Cherokee*") ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").  To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'"  *Id.* at 554, *quoting* S. Rep. No. 109-14, p. 43 (2005).

3.   Removal to this Court is proper because the action was filed and is pending in the Superior Court of the State of California in and for the County of San Diego, which is within this judicial district.  28 U.S.C. §§ 128(b) and § 1446(a).

4.   As set forth below, this Court has jurisdiction over this case under CAFA, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441(a),

Exhibit G

because:  (1) the proposed class contains more than 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; (4) there is diversity between at least one class member and Defendant; and (5) this case is being timely and properly removed by the filing of this Notice.

## II.    STATUS OF PLEADINGS

5.    On September 2, 2016, Plaintiff Eugene Sanders ("Plaintiff") filed a Complaint against Defendant in the State Court, styled as *Eugene Sanders, an individual, on behalf of himself, and on behalf of all persons similarly situated vs. Old Dominion Freight Line, Inc., a Corporation; and Does 1-50*, Case No. 37-2016-00030725-CU-OE-CTL (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

6.    On or about October 20, 2016, Defendant's registered agent for service of process was personally served with a copy of the Summons and Complaint.

7.    True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendant in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
| --- | --- |
| A | Complaint |
| B | Summons |
| C | Civil Case Cover Sheet |
| D | Notice of Case Assignment and Case Management Conference on Mandatory eFile Case |
| E | Alternative Dispute Resolution (ADR) Information |
| F | Stipulation to Use Alternative Dispute Resolution (ADR) |

8.    Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

2
**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit G

9.     Defendant is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).

10.     Defendant is the only defendant in the State Court Action.  As such, there are no unserved defendants, and Defendant is the only defendant needed to consent to removal.

11.     Plaintiff's Complaint asserts that he and the putative class he seeks to represent are current or former employees of Defendant who are, or were, employed as truck drivers within the State of California within four years of the filing his Complaint (the "Proposed Class").  *See* Exh. A (Complaint), ¶ 17.

12.     Plaintiff's Complaint asserts five causes of action for: (1) violation of unfair competition law pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) failure to minimum wages in violation of Cal. Lab. Code §§ 1194, 1197 and 1197.1; (3) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226; (4) failure to pay timely wages due at termination / waiting time penalties pursuant to Cal. Lab. Code §§ 201-203; and (5) failure to reimburse employees for business expenses in violation of Cal. Lab. Code § 2802.

### III.     CAFA JURISDICTION IS SATISFIED

#### This Action Is A Class Action Under CAFA

13.     Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —
>
> (A)     any member of a class of plaintiffs is a citizen of a State different from any defendant.

14.     CAFA defines a "class action" to include civil actions filed under State statutes or rules of procedure similar to Fed. R. Civ. P. 23 which authorize an action to be brought by one or more representative persons as a class action.   The Complaint alleges that it is brought pursuant to California Code of Civil Procedure §

3

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

382 as a class action on behalf of a purported class.  *See* Exh. A (Complaint), ¶ 17. Therefore, this action is a "class action" under CAFA.

## MINIMUM DIVERSITY EXISTS

15.    Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).  At all times during Plaintiff's employment with Defendant, he has had a State of California driver's license, mailing address, and phone number.  Defendant is informed and believes that Plaintiff is residing and intends to indefinitely remain living continuously in California, and that his domicile presently is in California. Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of CAFA.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).[1]

16.    Defendant is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is generally where its headquarters is located.[2]

17.    As reflected on the California Secretary of State's Business Entity Search website, Defendant is a Virginia corporation with its corporate headquarters and principal place of business in Thomasville, North Carolina:

---

[1] *See also Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address and driver's license); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

[2] *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

---

Exhibit G

*See* URL at http://kepler.sos.ca.gov/cbs.aspx (search terms entered: "Old Dominion Freight").  At its corporate headquarters, Defendant's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.  Thus, Defendant was not and is not a citizen of the State of California but, rather, was and is a citizen of Virginia and North Carolina for the purpose of determining jurisdiction.

18.     Consequently, Defendant's citizenship is diverse from Plaintiff's, and the minimum diversity requirement under CAFA is satisfied.

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00

19.     Defendant alleges based on the following calculations that the amount in controversy exceeds $5,000,000 only for the purpose of establishing subject matter jurisdiction under CAFA.  Defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper.[3]

---

[3] *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015), *quoting Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit G

Exhibit G

20.    A removing Defendant's notice of removal need only contain plausible allegations, consistent with Fed. R. Civ. P. 8(a), to demonstrate the amount in controversy.  Evidentiary submissions are not required unless and until the removing Defendant's allegations are contested by the plaintiff or questioned by the court:

> In sum, as specified in 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee*, 135 S.Ct. at 554.

21.    This standard applies to complaints like the Complaint here, which affirmatively state that the amount in controversy does not exceed $5 million:

> When plaintiffs favor state court and have prepared a complaint that … affirmatively states that the amount in controversy does not exceed $5 million, the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.

*Ibarra*, 775 F.3d at 1197-98 (*citing Dart Cherokee*, 135 S.Ct. at 554-55).

22.    The plaintiff's complaint is a court's "first source of reference in determining the amount in controversy."  *LaCrosse*, 775 F.3d at 1202 (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of damages, if any.[4]

---

removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'").

[4] *See Ibarra*, 775 F.3d at 1198 n. 1, *citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"); *St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *Wilder v. Bank of America*, 2014 U.S. Dist. LEXIS 168932, *4 (C.D. Cal. Dec. 5, 2014) (citing cases holding that in measuring the amount in controversy, the court assumes that a jury

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit G

23.   Plaintiff purports to bring this action on behalf of himself and a putative class defined as:

> [A]ll individuals who are or previously were employed by [Defendant] as Truck Driver employees and worked in California … at any time during the period beginning on the date four (4) years before the filing of the Complaint and ending on the date as determined by the Court….

Exh. A (Complaint), ¶ 17.

24.   CAFA authorizes the removal of class actions in which, among the other factors mentioned above, *the aggregate* amount in controversy for all class members exceeds $5,000,000.00.  *See* 28 U.S.C. § 1332(d).  Here, the claimed damages and penalties in the Complaint exceed that jurisdictional minimum.

**Size Of Proposed Class**

25.   According to the Complaint, the potential class is "so numerous that joinder of all [Proposed Class] Members is impracticable."  *See* Exh. A (Complaint), ¶ 21(a).  Indeed, there are at least 272 current or former non-exempt employees who have worked for Defendant during the proposed class period and ostensibly are within the definition of Plaintiff's Proposed Class, as Defendant presently understands it.  Therefore, the aggregate membership of the proposed class is at least 100 as required under CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).

**CAFA Amount In Controversy**

26.   The claims of the individual members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  *See* 28 U.S.C. §§ 1332(d)(6), (11).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive

---

will return a verdict on all claims asserted in the complaint, and that the ultimate inquiry is what the complaint alleges, not what the defendant might actually owe).

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1  relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. 109-14,

2  at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of

3  CAFA makes clear that any doubts regarding the maintenance of interstate class

4  actions in state or federal court should be resolved in favor of federal jurisdiction.[5]

5      27.  Defendant's payroll, operational and employment data for its

6  California-based line haul truck drivers (the "Drivers") who were employed during

7  the period of September 2, 2012 through September 2, 2016, as Plaintiff was during

8  part of that time period, was used to determine the CAFA amount in controversy for

9  purposes of this Notice of Removal, and that voluminous data can be summarized as

10  follows:

11          a.  The following are the aggregate number of unique Drivers who

12              worked during each of the following periods:

13          i.  **233 Drivers** worked during the **one-year** period ending on

14              the date of the filing of the Complaint in this action

15              (September 2, 2015 through September 2, 2016);

16          ii.  **266 Drivers** worked during the **three-year** period ending

17               on the date of the filing of the Complaint in this action

18               (September 2, 2013 through September 2, 2016), and

19               during this time, **60 Drivers** left their employment with

20               Defendant; and

21          iii.  **272 Drivers** worked during the **four-year** period ending

22                on the date of the filing of the Complaint in this action

23                (September 2, 2012 through September 2, 2016).

24  _____

25  [5] *See* S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate

26  exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . .  Overall, new section 1332(d) is intended to expand

27  substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in

28  a federal court if properly removed by any defendant.").

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit G

b.  The Drivers worked the following aggregate **number of workdays** during each of the following periods:

    i.  **129,615 calendar days** during the **three-year** period ending on the date of the filing of the Complaint in this action (September 2, 2013 through September 2, 2016); and

    ii.  **136,806 calendar days** during the **four-year** period ending on the date of the filing of the Complaint in this action (September 2, 2012 through September 2, 2016).

d.  The Drivers were paid the following **average effective hourly rates** during the following periods:

    i.  **$26.21 per hour** during the **three-year** period ending on the date of the filing of the Complaint in this action (September 2, 2013 through September 2, 2016); and

    ii.  **$26.20 per hour** during the **four-year** period ending on the date of the filing of the Complaint in this action (September 2, 2012 through September 2, 2016).

e.  During the one-year period ending on the date of the filing of the Complaint (September 2, 2015 through September 2, 2016), the 233 unique Drivers received a total of **9,957 itemized wage statements**, or an average of approximately **42 wage statements per Driver**.

### *First Cause of Action for UCL Violations*

28.  Plaintiff's **First Cause of Action** for **UCL violations** alleges that Defendants engaged in unlawful business practices that violated Cal. Lab. Code §§ 204, 226.7, 512, 1194, 1197, 1198 and 2802, for which Plaintiff seeks equitable relief pursuant to Cal. Bus. & Prof. Code § 17203. *See* Exh. A (Complaint), ¶ 39.

29.  To that end, Plaintiff alleges that he and the putative class members

1   ("PCMs") whom he seeks to represent were not provided with meal and rest breaks

2   as ostensibly required under Cal. Lab. Code §§ 226.7 and 512. *See* Exh. A

3   (Complaint), ¶¶ 9, 41. Based on those allegations, Plaintiff's Complaint seeks one

4   hour of pay at the employee's regular rate for each day that the ostensibly required

5   first meal breaks were allegedly not provided to Plaintiff and the PCMs and an

6   additional one hour of pay at the employee's regular rate of pay for each day that the

7   ostensibly required second meal breaks were allegedly not provided to Plaintiff and

8   the PCMs. *See id.* at ¶ 44. Plaintiff further seeks one hour of pay at the employee's

9   regular rate for each day that the ostensibly required rest break was not provided.

10   *Id.* at ¶ 45. This claim is subject to a four-year statute of limitations.

11       30.   Plaintiff alleges that Defendant "*uniformly* violated the rights of the

12   [PCMs]" by implementing "policies, practices and procedures that uniformly and

13   *systematically* failed to provide and record all the legally required, unpaid, off-duty

14   meal periods and all the legally required paid, off-duty rest periods to the

15   PLAINTIFF and the [PCMs]." *See id.* at ¶ 20, 20(b) (emph. added). On that basis,

16   Defendant reasonably assumes that each of the PCMs will claim to have not been

17   provided and paid for at least one compliant meal break and one compliant rest

18   break for each calendar day they worked. *See, e.g.*, *Coleman v. Estes Express Lines,*

19   *Inc.*, 730 F.Supp.2d 1141, 1149-50 (C.D. Cal. 2010) (holding that the defendant

20   properly utilized a 100% violation rate for missed meal and rest breaks when

21   calculating the amount in controversy for CAFA removal purposes where the

22   plaintiff had alleged that the class members "consistently" worked without meal

23   breaks); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4 (C.D. Cal. May

24   21, 2015) (holding that a 100% violation rate was properly utilized where the

25   plaintiff's complaint alleged the maintenance of "uniform policies, practices and

26   procedures" and did "not contain any allegations that suggest a 100% violate rate is

27   an impermissible assumption"). Nevertheless, for purposes of determining the

28   amount in controversy for the alleged meal break violations, Defendant has

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

conservatively estimated that each of the PCMs will claim that they were not provided and paid for a compliant meal and rest break on only **one-half** of the calendar days they worked during the four-year period prior to the filing of the Complaint.

31.     Therefore, Defendant calculates the amount in controversy on the UCL putative class action claim to the extent predicated on alleged meal and rest break violations as follows:

| Average Hourly Rate | | Violations Per Day | | ½ Total Number of Workdays | | Amount In Controversy |
|---|---|---|---|---|---|---|
| $26.20 | x | 2 | x | 68,403 | = | $3,584,317.20 |
| | | | | [136,806 x 0.5] | | |

32.     Accordingly, the amount in controversy on Plaintiff's First Cause of Action to the extent based on purported meal and rest break violations is at least **$3,584,317.20**.

### *First And Second Cause Of Action For Minimum Wage Violations*

33.     Plaintiff's **Second Cause of Action** for **minimum wage violations** alleges that Plaintiff and the PCMs performed off-the-clock work consisting of "non-driving tasks" including, but not limited to, "time spent during pre and post trip inspections of [Defendant's] trucks and time spent waiting for [Defendant's] loads to be ready for transport," for which Defendant failed to pay them the minimum wage. *See* Exh. A (Complaint), ¶¶ 6, 8, 56. 59-63. Plaintiff further alleges that Defendant *never* paid for this alleged off-the-clock work inasmuch as it allegedly maintained "systematic" and "uniform" "policies and practices" of "den[ying] accurate compensation" to Plaintiff and the PCMs, including not paying for "time spent engaging in non-driving related tasks" and that Defendant "systematically elected" to "not pay employees for their labor as a matter of uniform company policy, practice and procedure." *Id.* at ¶¶ 6, 56-57, 62.  Based on those allegations, Plaintiff seeks to recover the amount of unpaid wages pursuant to Cal.

Lab. Code §§ 1194 and 1197. *Id.* at ¶¶ 53-54. This claim is subject to a three-year statute of limitations.

34. Plaintiff's **First Cause of Action** alleging **violations of the UCL**, purports to seek restitution of unpaid wages. *See* Exh. A (Complaint), ¶¶ 39-41. This purported claim is subject to a four-year statute of limitations.

35. During the four year period prior to the filing of the Complaint (September 2, 2012 through September 2, 2016), the minimum wage in California was as follows:

| Date Range | Minimum Wage |
|---|---|
| September 2, 2012 – June 30, 2014 | $8.00 |
| July 1, 2014 – December 31, 2015 | $9.00 |
| January 1, 2016 – September 2, 2016 | $10.00 |

36. For purposes of determining the amount in controversy for the alleged unpaid compensation underlying Plaintiff's claim for relief, Defendant conservatively utilizes an $8 minimum wage and reasonably has assumed that each of the PCMs will claim to have spent 15 minutes (or 0.25 hours) performing such alleged off-the-clock work.[6]

37. Accordingly, Defendant calculates the amount in controversy for the alleged unpaid minimum wages as follows:

| Average Hourly Rate | | Off-the-Clock Hours Per Day | | Total Days Worked | | Amount In Controversy |
|---|---|---|---|---|---|---|
| $8.00 | x | 0.25 | x | 136,806 | = | $273,612.00 |

---

[6] Indeed, a 15-minute assumption for this alleged off-the-clock work is *conservative* in light of the U.S. Department of Transportation's regulations governing pre-trip and post-trip inspections, which require, among other things, that drivers complete a 9-point pre-trip inspection and an 11-point post-trip inspection of all commercial motor vehicles for each day of operation, and complete written reports related to each such inspection. *See, e.g.*, 49 CFR §§ 392.7, 392.8, 396.11 & 396.13. It is more likely than not that these inspections, when coupled with the other tasks Plaintiff claims are unpaid, take 15 minutes each day if done properly.

38.    Accordingly, the amount in controversy on Plaintiff's First and Second Causes of Action for minimum wage violations is **$273,612.00.**

***Third Cause of Action for Failure to Provide Accurate Wage Statements***

39.    Plaintiff's **Third Cause of Action** for **inaccurate wage statements** alleges that Defendant "failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee." *See* Exh. A (Complaint), ¶ 67.  On that basis, Plaintiff seeks to recover "liquidated damages" for the Proposed Class pursuant to Cal. Lab. Code § 226(e) ("Section 226(e)") in an amount equal to fifty dollars ($50) per employee for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent period, not to exceed $4,000 per employee.  *See id.* at ¶ 68; Cal. Lab. Code § 226(e).  This claim is subject to a one-year statute of limitations.

40.    Plaintiff's Complaint alleges that Defendant failed provide accurate wage statements for each pay period.  *See* Exh. A (Complaint), ¶ 67.   Here, an average of over 42 wage statements were issued to each PCM during the one-year period ending on the date of the filing of the Complaint in this action (September 2, 2015 through September 2, 2016) (9,957 wage statements ÷ 233 PCMs). Accordingly, the amount in controversy on Plaintiff's Third Cause of Action for inaccurate wage statement penalties is **$932,000.00**, calculated as follows:

233 PCMs x 1 initial wage statement x $50 = $11,650.00

233 PCMs x 41 subsequent wage statements x $100 = $955,300.00

$11,650.00 initial wage statement penalties + $955,300.00 subsequent wage statement penalties = $966,950.00 total penalties

$966,950.00 ÷ 233 PCMs = $4,150 per PCM (greater than the $4,000 maximum per PCM)

$4,000 maximum penalty per PCM x 233 PCMs = $932,000.00

### *Fourth Cause of Action for Waiting Time Penalties*

41.     Plaintiff's **Fourth Cause of Action** seeks **waiting time penalties** pursuant to Cal. Lab. Code § 203 in the amount of "thirty days of pay as penalty" at the regular hourly rate of pay for former employees who are in the Proposed Class. *See* Exh. A (Complaint), ¶ 76.  This claim is subject to a three-year statute of limitations.  As set forth above, 60 PCMs left their employment during the three-year period ending on the date of the filing of the Complaint in this action (September 2, 2013 through September 2, 2016), and their average effective hourly rate during that time period was $26.21.  Further, given that Plaintiff alleges that Defendant failed to provide meal breaks on a "uniform" and "systemic" basis, it is reasonable to assume that each PCM worked over six hours per day since they otherwise could have a statutory waiver of a first meal break if they worked six hours or less per day.  *See* Cal. Lab. Code § 512(a).  Accordingly, utilizing a typical work day of just six hours per day, the amount in controversy on Plaintiff's Fourth Cause of Action for statutory waiting time penalties is at least **$283,068.00** (60 PCMs x [$26.21 per hour average hourly rate x 6 hours per day x 30 days]).

### *Statutory Attorneys' Fees*

42.     Plaintiff also seeks **statutory attorneys' fees** in connection with all of his causes of action in the Complaint.  *See* Exh. A (Complaint), Prayer for Relief at ¶ 3.C.  In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.  *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Where, as here, a common fund recovery potentially is sought, the Ninth Circuit uses a benchmark rate of 25% of the potential award as an estimate for attorneys' fees.

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

*See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 Fed.Appx. 452, 457 (9th Cir. 2009).  Utilizing Defendant's calculations of the amount in controversy on Plaintiff's First through Fourth Causes of Action on behalf of the Proposed Class and the 25% benchmark for attorneys' fees used in the Ninth Circuit, Defendant calculates the amount in controversy on Plaintiff's **statutory attorneys' fees claim** to be **$1,268,249.30** (($3,584,317.20 + $273,612.00 + $932,000.00 + $283,068.00) x 25%).

43.   Based on the foregoing calculations, the **total amount in controversy** for the putative class action claims of the proposed class Plaintiff seeks to represent is calculated to be at least **$6,341,246.50**, which exceeds the $5 million jurisdictional threshold under CAFA:

| Cause of Action / Claim | Amount in Controversy |
| --- | --- |
| UCL Violations based on missed meal and rest breaks (First Cause of Action) | $3,584,317.20 |
| Minimum Wage Violations (First and Second Causes of Action) | $273,612.00 |
| Wage Statement Violations (Third Cause of Action) | $932,000.00 |
| Waiting Time Penalties (Fourth Cause of Action) | $283,068.00 |
| Statutory Attorneys' Fees (25%) | $1,268,249.30 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$6,341,246.50** |

44.   Defendant expressly reserves the right to include any other additional amounts in controversy, should any aspect of the amount in controversy set forth herein be challenged.

Exhibit G

## IV.    TIMELINESS OF REMOVAL

45.    The Complaint was served on Defendant on October 20, 2016.  This Notice of Removal is timely in that it has been filed consistent with 28 U.S.C. §§ 1332(d), 1441(b), and 1446, and within 30 days of the date of service of the Complaint.

## V.    NOTICE TO PLAINTIFF

46.    Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

47.    WHEREFORE, having provided notice as is required by law, the State Court Action should be removed to this Court.

DATED: November 18, 2016          **McGuireWoods LLP**


By: /s/ Matthew C. Kane
          Matthew C. Kane, Esq.
          Sabrina A. Beldner, Esq.
          Sylvia J. Kim, Esq.

          Attorneys for Old Dominion Freight Line, Inc.

Exhibit G

1  **PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      I am employed in the County of Los Angeles, State of California.  I am over
   the age of eighteen years and not a party to the within action; my business address is
4  1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

5      On November 18, 2016, I served the following document(s) described as
   **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF**
6  **REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested
   parties in this action by placing true copies thereof enclosed in sealed envelopes
7  addressed as follows:

8      Norma B. Blumenthal, Esq.                    *Attorneys for Plaintiff*
       Kyle R. Nordrehaug, Esq.                      Eugene Sanders
9      Aparajit Bhowmik, Esq.
       BLUMENTHAL, NORDREHAUG & BHOWMIK
10     2255 Calle Clara
       La Jolla, CA 92037
11     Tel. 858.551.1223 / Fax. 858.551.1232

12  ☒  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
       processing correspondence for mailing with the United States Postal Service.
13     Under that practice, it would be deposited with the United States Postal
       Service that same day in the ordinary course of business.  Such envelope(s)
14     were placed for collection and mailing with postage thereon fully prepaid at
       Los Angeles, CA, on that same day following ordinary business practices.
15

16  ☐  **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or
       other facility regularly maintained by the overnight service carrier, or
       delivered such document(s) to a courier or driver authorized by the overnight
17     service carrier to receive documents, in an envelope or package designated by
       the overnight service carrier with delivery fees paid or provided for,
18     addressed to the person(s) served hereunder.

19  ☐  **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office
       of the addressee(s).  (
20

21     I declare that I am employed in the office of a member of the bar of this Court
   at whose direction the service was made.

22     Executed on November 18, 2016, at Los Angeles, CA.

23

24                                    _____
                                      Roland Morrissette
25

26

27

28

Exhibit G

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 18, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2016, at Los Angeles, California.


_____/s/ Matthew C. Kane_____

MATTHEW C. KANE

80528059.2

1

**CERTIFICATE OF SERVICE**

Exhibit G

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Eugene Sanders | Old Dominion Freight Line, Inc. |

| (b)  County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Norman B. Blumenthal (068687); Kyle R. Nordrehaug (205975); Aparajit Bhowmik (248066) / BLUMENTHAL, NORDREHAUG & BHOWMIK / 2255 Calle Clara, La Jolla, CA 92037 / Tel. 858.551.1223 | Matthew C. Kane (171829); Sabrina A. Beldner (221918); Sylvia J. Kim (258363) / McGuireWoods LLP, 1800 Century Park East, 8th Fl., Los Angeles, CA 90067 / Tel: 310.315.8200 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government  Plaintiff
- ☐ 2  U.S. Government  Defendant
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☒ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441

Brief description of cause:
Claims for non-compliant meal and rest breaks, unpaid wages and related penalties

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ 7,119,330.62 | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes    ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/18/2016 | McGuireWoods LLP: /s/ Matthew C. Kane |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Exhibit G

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On November 18, 2016, I served the following document(s) described as **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S CIVIL COVER SHEET** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Norma B. Blumenthal, Esq.                          *Attorneys for Plaintiff*
Kyle R. Nordrehaug, Esq.                           Eugene Sanders
Aparajit Bhowmik, Esq.
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Tel. 858.551.1223 / Fax. 858.551.1232

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

☐    **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s).  (

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 18, 2016, at Los Angeles, CA.

Roland Morrissette

Exhibit G

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2016, at Los Angeles, California.

<u>          /s/ Matthew C. Kane          </u>

MATTHEW C. KANE

80528059.2

1

**CERTIFICATE OF SERVICE**

Exhibit G

**Exhibit G**

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eugene Sanders

**(b)** County of Residence of First Listed Plaintiff    San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Norman B. Blumenthal (068687); Kyle R. Nordrehaug (205975); Aparajit Bhowmik (248066) / BLUMENTHAL, NORDREHAUG & BHOWMIK / 2255 Calle Clara, La Jolla, CA 92037 / Tel. 858.551.1223

## DEFENDANTS
Old Dominion Freight Line, Inc.

**'16 CV 2837 CAB NLS**

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Matthew C. Kane (171829); Sabrina A. Beldner (221918); Sylvia J. Kim (258363) / McGuireWoods LLP, 1800 Century Park East, 8th Fl., Los Angeles, CA 90067 / Tel: 310.315.8200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☒ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §§ 1332, 1441
Brief description of cause:
Claims for non-compliant meal and rest breaks, unpaid wages and related penalties

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
7,119,330.62

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
11/18/2016

SIGNATURE OF ATTORNEY OF RECORD
McGuireWoods LLP: /s/ Matthew C. Kane

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Exhibit G**

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firmsite: www.bamlawca.com

6  Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/02/2016** at 11:07:41 AM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

7

8

9

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF SAN DIEGO**

12

| | |
|---|---|
| 13  EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated, | Case No. 37-2016-00030725-CU-OE-CTL |
| 14 | |
| 15 | **CLASS ACTION COMPLAINT** |
|  Plaintiff, | |
| 16 | 1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| 17  vs. | |
| 18  OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive, | 2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| 19 | |
| 20 | 3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
|  Defendants. | |
| 21 | |
| 22 | 4.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and, |
| 23 | |
| 24 | 5.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802. |
| 25 | |
| 26 | **DEMAND FOR A JURY TRIAL** |

27

28

Plaintiff Eugene Sanders ("PLAINTIFF") an individual, on behalf of himself and all other similarly situated current and former employees, alleges upon information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Plaintiff Eugene Sanders worked for Defendant Old Dominion Freight Line Inc. ("DEFENDANT") in California from September of 2014 through October of 2015 as a Truck Driver. As a Truck Driver, PLAINTIFF's work required the performance of manual labor consisting of driving DEFENDANT's trucks and transporting for DEFENDANT in California. In performing these duties, PLAINTIFF did not utilize any independent discretion, judgment, or management decisions with respect to matters of significance. To the contrary, the work of PLAINTIFF as a Truck Driver was to provide on a daily basis the transportation of goods in accordance with the management decisions and business policies established by DEFENDANT. As a result, PLAINTIFF was entitled to be paid minimum wages, accurate wage statements, and meal and rest periods as required by California law. PLAINTIFF was paid by piece-rate only while he was employed as a Truck Driver for DEFENDANT. Importantly, he was not provided with minimum wages for his non-production work time. PLAINTIFF also did not receive paid rest breaks as required by California law and DEFENDANT failed to provide PLAINTIFF with the legally required meal periods. DEFENDANT failed to pay PLAINTIFF the correct amount of compensation because DEFENDANT established an illegal pay practice of paying PLAINTIFF on a piece rate basis when delivering loads at the locations assigned by DEFENDANT. DEFENDANT however failed to pay minimum wages for compensable time worked. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

2.    Defendant Old Dominion Freight Line Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California. DEFENDANT operates a fleet of more than 6,900 tractors and more than 27,000 trailers from more than 220 service centers. In addition to its core LTL

2

CLASS ACTION COMPLAINT

services, the company offers its customers a broad range of logistics services including ground and air transportation, supply chain consulting, container delivery and warehousing and household moving.

3.    PLAINTIFF brings this class action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

4.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based thereon, alleges that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

5.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

Exhibit G

**THE CONDUCT**

6.     The work required to be performed by PLAINTIFF and the other CALIFORNIA CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods within the State of California in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set.  PLAINTIFF and CALIFORNIA CLASS Members were not compensated through a monthly salary.  PLAINTIFF and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to be ready for transport.  DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum compensation to PLAINTIFF and the other CALIFORNIA CLASS Members for their documented time worked.

7.     Individuals in these Truck Driver positions are and were employees who are entitled to minimum wage compensation and prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.

8.     Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage Order as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly

Exhibit G

Exhibit G

1  compensation for time spent performing other non-driving tasks directed by DEFENDANT
2  during their work shifts.

3       9.     In addition, DEFENDANT failed to provide all the legally required unpaid, off-
4  duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and
5  the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor
6  Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally
7  required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to
8  the PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's
9  failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with all the legally
10  required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is
11  evidenced by DEFENDANT's business records.

12       10.    From time to time, DEFENDANT also failed to provide the PLAINTIFF and the
13  other members of the CALIFORNIA CLASS with complete and accurate wage statements
14  which failed to show, among other things, the correct minimum wages for time worked,
15  including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226
16  provides that every employer shall furnish each of his or her employees with an accurate
17  itemized wage statement in writing showing, among other things, gross wages earned and all
18  applicable hourly rates in effect during the pay period and the corresponding amount of time
19  worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other
20  members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code
21  § 226.

22       11.    DEFENDANT as a matter of corporate policy, practice and procedure,
23  intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFF
24  and the other CALIFORNIA CLASS Members for required business expenses incurred by the
25  PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
26  their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers
27  are required to indemnify employees for all expenses incurred in the course and scope of their
28  employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

Exhibit G

1   her employee for all necessary expenditures or losses incurred by the employee in direct

2   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

3   the employer, even though unlawful, unless the employee, at the time of obeying the directions,

4   believed them to be unlawful."

5       12.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

6   Members as a business expense, were required by DEFENDANT to use their own personal

7   cellular phones as a result of and in furtherance of their job duties as employees for

8   DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

9   associated with the use of their personal cellular phones for DEFENDANT's benefit.  As a

10  result, in the course of their employment with DEFENDANT the PLAINTIFF and other

11  members of the CALIFORNIA CLASS incurred unreimbursed business expenses which

12  included, but were not limited to, costs related to the use of their personal cellular phones all

13  on behalf of and for the benefit of DEFENDANT.

14      13.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS,

15  seeks to recover all the compensation that DEFENDANT is required by law to provide, but

16  failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members.  PLAINTIFF

17  also seeks penalties and all other relief available to him and other CALIFORNIA CLASS

18  Members under California law.  Finally, PLAINTIFF seeks declaratory relief finding that the

19  employment practices and policies of the DEFENDANT violated California law and injunctive

20  relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

21      14.    In performing the conduct herein alleged, the DEFENDANT's wrongful conduct

22  and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFF and the

23  other members of the CALIFORNIA CLASS of money and career opportunities to which they

24  were lawfully entitled.  DEFENDANT engaged in such wrongful conduct by failing to have

25  adequate employment policies and maintaining adequate employment practices consistent with

26  such policies and the applicable law.  DEFENDANT's wrongful conduct as herein alleged

27  caused the money belonging to the PLAINTIFF and the other members of the CALIFORNIA

28  CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for

6

1    DEFENDANT's own use.

2        15.    DEFENDANT's practices violated and continue to violate the law, regardless

3    of whether the employees' work is paid by commission, by salary, by piece rate, or by part

4    commission, part piece rate, and/or part salary.  As a result of this policy and practice,

5    DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

6        16.    Accordingly, DEFENDANT committed acts of unfair competition in violation

7    of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by

8    engaging in company-wide policies that violated the California Labor Code and regulations

9    promulgated thereunder as herein alleged.

10                            **THE CALIFORNIA CLASS**

11        17.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

12    Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

13    Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class,

14    defined as all individuals who are or previously were employed by DEFENDANT as Truck

15    Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during

16    the period beginning on the date four (4) years before the filing of this Complaint and ending

17    on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount

18    in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

19    dollars ($5,000,000.00).

20        18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

21    violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

22    Requirements, and the applicable provisions of California law, intentionally, knowingly, and

23    wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive

24    method to calculate minimum, and payment for missed meal periods and off-duty rest breaks

25    owed to the PLAINTIFF and the other members of the CALIFORNIA CLASS.

26        19.    All CALIFORNIA CLASS Members, including the PLAINTIFF, performed the

27    same manual labor and were paid by DEFENDANT according to uniform and systematic

28                                    7

1  company procedures, which, as alleged herein above, and failed to correctly pay minimum

2  wages.   This business practice is uniformly applied to each and every member of the

3  CALIFORNIA CLASS, and therefore, the propriety of these business practices can be

4  adjudicated on a class-wide basis.

5       20.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

6  California law by:

7            (a)     Committing an act of unfair competition in violation of the California

8                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

9                    unlawfully, unfairly and deceptively having in place company policies,

10                    practices and procedures that uniformly denied PLAINTIFF and the

11                    members of the CALIFORNIA CLASS the correct minimum wages and

12                    otherwise violated applicable law;

13            (b)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

14                    §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

15                    having in place company policies, practices and procedures that uniformly

16                    and systematically fail to provide and record all the legally required

17                    unpaid, off-duty meal periods and all the legally required paid, off-duty

18                    rest periods to the PLAINTIFF and the CALIFORNIA CLASS members;

19                    and,

20            (c)     Committing an act of unfair competition in violation of the California

21                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

22                    violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF

23                    and the CALIFORNIA CLASS members with necessary expenses

24                    incurred in the discharge of their job duties.

25       21.     This Class Action meets the statutory prerequisites for the maintenance of a Class

26  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27            (a)     The persons who comprise the CALIFORNIA CLASS are so numerous

28                    that the joinder of all CALIFORNIA CLASS Members is impracticable

1  and the disposition of their claims as a class will benefit the parties and the

2  Court;

3  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

4  that are raised in this Complaint are common to the CALIFORNIA

5  CLASS and will apply uniformly to every member of the CALIFORNIA

6  CLASS;

7  (c)  The claims of the representative PLAINTIFF are typical of the claims of

8  each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other

9  members of the CALIFORNIA CLASS, was subjected to

10  DEFENDANT's illegal practice of failing to pay minimum wages for all

11  time worked by the PLAINTIFF and other members of the CALIFORNIA

12  CLASS.  PLAINTIFF sustained economic injury as a result of

13  DEFENDANT's employment practices.  PLAINTIFF and the members

14  of the CALIFORNIA CLASS were and are similarly or identically harmed

15  by the same unlawful, deceptive, unfair and pervasive pattern of

16  misconduct engaged in by the DEFENDANT; and,

17  (d)  The representative PLAINTIFF will fairly and adequately represent and

18  protect the interest of the CALIFORNIA CLASS, and has retained

19  counsel who are competent and experienced in Class Action litigation.

20  There are no material conflicts between the claims of the representative

21  PLAINTIFF and the members of the CALIFORNIA CLASS that would

22  make class certification inappropriate.  Counsel for the CALIFORNIA

23  CLASS will vigorously assert the claims of all CALIFORNIA CLASS

24  Members.

25  22.  In addition to meeting the statutory prerequisites to a Class Action, this action is

26  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

27  (a)  Without class certification and determination of declaratory, injunctive,

28  statutory and other legal questions within the class format, prosecution of

9

CLASS ACTION COMPLAINT

1    separate actions by individual members of the CALIFORNIA CLASS will

2    create the risk of:

3        1)    Inconsistent or varying adjudications with respect to individual

4        members of the CALIFORNIA CLASS which would establish

5        incompatible standards of conduct for the parties opposing the

6        CALIFORNIA CLASS; and/or,

7        2)    Adjudication with respect to individual members of the

8        CALIFORNIA CLASS which would as a practical matter be

9        dispositive of interests of the other members not party to the

10        adjudication or substantially impair or impede their ability to

11        protect their interests.

12    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

13    act on grounds generally applicable to the CALIFORNIA CLASS, making

14    appropriate class-wide relief with respect to the CALIFORNIA CLASS

15    as a whole in that the DEFENDANT subjects these employees to

16    DEFENDANT's systematic practices with respect to non-payment of

17    wages for all time worked;

18        1)    With respect to the First Cause of Action, the final relief on behalf

19        of the CALIFORNIA CLASS sought does not relate exclusively to

20        restitution because through this claim Plaintiff seeks declaratory

21        relief holding that the DEFENDANT's policies and practices

22        constitute unfair competition, along with declaratory relief,

23        injunctive relief, and incidental equitable relief as may be

24        necessary to prevent and remedy the conduct declared to constitute

25        unfair competition;

26    (c)    Common questions of law and fact exist as to the members of the

27    CALIFORNIA CLASS, with respect to the practices and violations of

28    California Law as listed above, and predominate over any question

affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

    2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

    3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

    4)    The difficulties likely to be encountered in the management of a Class Action; and,

    5)    The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA CLASS.

23.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

11

CLASS ACTION COMPLAINT

1      (c)    The members of the CALIFORNIA CLASS are so numerous that it is

2           impractical to bring all members of the CALIFORNIA CLASS before the

3           Court;

4      (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be

5           able to obtain effective and economic legal redress unless the action is

6           maintained as a Class Action;

7      (e)    There is a community of interest in obtaining appropriate legal and

8           equitable relief for the acts of unfair competition, statutory violations and

9           other improprieties, and in obtaining adequate compensation for the

10          damages and injuries which DEFENDANT's actions have inflicted upon

11          the CALIFORNIA CLASS;

12      (f)    There is a community of interest in ensuring that the combined assets of

13          DEFENDANT are sufficient to adequately compensate the members of

14          the CALIFORNIA CLASS for the injuries sustained;

15      (g)    DEFENDANT has acted or refused to act on grounds generally applicable

16          to the CALIFORNIA CLASS, thereby making final class-wide relief

17          appropriate with respect to the CALIFORNIA CLASS as a whole;

18      (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

19          the business records of DEFENDANT.  The CALIFORNIA CLASS

20          consists of all DEFENDANT's current and former Truck Driver

21          employees employed in California during the CALIFORNIA CLASS

22          PERIOD; and,

23      (i)    Class treatment provides manageable judicial treatment calculated to bring

24          a efficient and rapid conclusion to all litigation of all wage and hour

25          related claims arising out of the conduct of DEFENDANT as to the

26          members of the CALIFORNIA CLASS.

27    24.    DEFENDANT maintains records from which the Court can ascertain and identify

28  by name and job title, each of DEFENDANT's employees who have been systematically,

1    intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

2    procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

3    any additional job titles of similarly situated employees when they have been identified.

4

5    ## THE CALIFORNIA LABOR SUBCLASS

6        25.    PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on

7    behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who

8    are or previously were employed by DEFENDANT as Truck Driver employees and worked in

9    California (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3)

10    years prior to the filing of the complaint and ending on the date as determined by the Court (the

11    "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

12    The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS

13    Members is under five million dollars ($5,000,000.00).

14        26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

15    LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS

16    PERIOD should be adjusted accordingly.

17        27.    DEFENDANT, as a matter of company policy, practice and procedure, and in

18    violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

19    requirements, and the applicable provisions of California law, intentionally, knowingly, and

20    wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

21    compensation for the time worked by the PLAINTIFF and the other members of the

22    CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

23    work, required employees to perform this work and permitted or suffered to permit this work.

24    DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

25    wages to which these employees are entitled in order to unfairly cheat the competition and

26    unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

27    LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

28    PERIOD should be adjusted accordingly.

28.  Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

(a)  Whether DEFENDANT unlawfully failed to pay minimum wage compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations;

(b)  Whether DEFENDANT's policy and practice of failing to pay CALIFORNIA LABOR SUBCLASS Members wages, including minimum wages for all time worked, violates applicable provisions of California law;

(c)  Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(d)  Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUBCLASS Members with accurate records of time worked;

(e)  Whether DEFENDANT failed to reimburse CALIFORNIA LABOR SUB-CLASS Members for business expenses incurred that were necessary to perform their job duties for DEFENDANT; and,

(f)  Whether DEFENDANT's conduct was willful.

29.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)  Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b)  Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFF

14

CLASS ACTION COMPLAINT

1     and the CALIFORNIA LABOR SUBCLASS Members with an accurate

2     itemized statement in writing showing the gross wages earned, the net

3     wages earned, all applicable hourly rates in effect during the pay period

4     and the corresponding amount of time worked at each hourly rate by the

5     employee; and,

6     (c)   Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF

7     and the CALIFORNIA CLASS members with necessary expenses

8     incurred in the discharge of their job duties.

9    30.   This Class Action meets the statutory prerequisites for the maintenance of a Class

10  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11     (a)   The persons who comprise the CALIFORNIA LABOR SUBCLASS are

12     so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS

13     members is impracticable and the disposition of their claims as a class will

14     benefit the parties and the Court;

15     (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

16     that are raised in this Complaint are common to the CALIFORNIA

17     LABOR SUBCLASS and will apply uniformly to every member of the

18     CALIFORNIA LABOR SUBCLASS;

19     (c)   The claims of the representative PLAINTIFF are typical of the claims of

20     each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF,

21     like all other members of the CALIFORNIA LABOR SUBCLASS, was

22     denied compensation for all time worked as a result of DEFENDANT's

23     systematic illegal and deceptive pay practices. PLAINTIFF and all other

24     members of the CALIFORNIA LABOR SUBCLASS sustained economic

25     injuries arising from DEFENDANT's violations of the laws of California.

26     PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS

27     were and are similarly or identically harmed by the same unlawful,

28     deceptive, unfair and pervasive pattern of misconduct engaged in by the

1    DEFENDANT as described above; and,

2    (d)   The representative PLAINTIFF will fairly and adequately represent and

3          protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

4          retained counsel who are competent and experienced in Class Action

5          litigation.   There are no material conflicts between the claims of the

6          representative PLAINTIFF and the members of the CALIFORNIA

7          LABOR SUBCLASS that would make class certification inappropriate.

8          Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously

9          assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

10   31.   In addition to meeting the statutory prerequisites to a Class Action, this action is

11   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12   (a)   Without class certification and determination of declaratory, injunctive,

13         statutory and other legal questions within the class format, prosecution of

14         separate actions by individual members of the CALIFORNIA LABOR

15         SUBCLASS will create the risk of:

16         1)   Inconsistent or varying adjudications with respect to individual

17              members of the CALIFORNIA LABOR SUBCLASS which would

18              establish incompatible standards of conduct for the parties

19              opposing the CALIFORNIA LABOR SUBCLASS; or,

20         2)   Adjudication with respect to individual members of the

21              CALIFORNIA LABOR SUBCLASS which would as a practical

22              matter be dispositive of interests of the other members not party to

23              the adjudication or substantially impair or impede their ability to

24              protect their interests.

25   (b)   The parties opposing the CALIFORNIA LABOR SUBCLASS have acted

26         or refused to act on grounds generally applicable to the CALIFORNIA

27         LABOR SUBCLASS, making appropriate class-wide relief with respect

28         to the CALIFORNIA LABOR SUBCLASS as a whole in that the

16

CLASS ACTION COMPLAINT

1    DEFENDANT fails to pay these employees minimum wage compensation

2    as a result of DEFENDANT's company wide illegal and deceptive pay

3    practices;

4    (c)    Common questions of law and fact exist as to the members of the

5    CALIFORNIA LABOR SUBCLASS, with respect to the practices and

6    violations of California Law as listed above, and predominate over any

7    question affecting only individual CALIFORNIA LABOR SUBCLASS

8    members, and a Class Action is superior to other available methods for the

9    fair and efficient adjudication of the controversy, including consideration

10    of:

11    1)    The interests of the members of the CALIFORNIA LABOR

12    SUBCLASS in individually controlling the prosecution or defense

13    of separate actions;

14    2)    The extent and nature of any litigation concerning the controversy

15    already commenced by or against members of the CALIFORNIA

16    LABOR SUBCLASS;

17    3)    The desirability or undesirability of concentrating the litigation of

18    the claims in the particular forum;

19    4)    The difficulties likely to be encountered in the management of a

20    Class Action; and,

21    5)    The basis of DEFENDANT's conduct towards PLAINTIFF and

22    the CALIFORNIA LABOR SUBCLASS.

23    32.    This Court should permit this action to be maintained as a Class Action pursuant

24    to Cal. Code of Civ. Proc. § 382 because:

25    (a)    The questions of law and fact common to the CALIFORNIA LABOR

26    SUBCLASS predominate over any question affecting only individual

27    members;

28    (b)    A Class Action is superior to any other available method for the fair and

17

CLASS ACTION COMPLAINT

1    efficient adjudication of the claims of the members of the CALIFORNIA

2    LABOR SUBCLASS because in the context of employment litigation a

3    substantial number of individual CALIFORNIA LABOR SUBCLASS

4    members will avoid asserting their rights individually out of fear of

5    retaliation or adverse impact on their employment;

6    (c)    The members of the CALIFORNIA LABOR SUBCLASS are so

7    numerous that it is impractical to bring all members of the CALIFORNIA

8    LABOR SUBCLASS before the Court;

9    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS

10    members, will not be able to obtain effective and economic legal redress

11    unless the action is maintained as a Class Action;

12    (e)    There is a community of interest in obtaining appropriate legal and

13    equitable relief for the acts of unfair competition, statutory violations and

14    other improprieties, and in obtaining adequate compensation for the

15    damages and injuries which DEFENDANT's actions have inflicted upon

16    the CALIFORNIA LABOR SUBCLASS;

17    (f)    There is a community of interest in ensuring that the combined assets of

18    DEFENDANT are sufficient to adequately compensate the members of

19    the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

20    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

21    to the CALIFORNIA LABOR SUBCLASS, thereby making final class-

22    wide relief appropriate with respect to the CALIFORNIA LABOR

23    SUBCLASS as a whole;

24    (h)    The members of the CALIFORNIA LABOR SUBCLASS are readily

25    ascertainable from the business records of DEFENDANT.    The

26    CALIFORNIA LABOR SUBCLASS consists of those members of the

27    CALIFORNIA CLASS who were subjected to the DEFENDANT's

28    practices as described above during the CALIFORNIA LABOR

18

CLASS ACTION COMPLAINT

SUBCLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

34.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

35.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked for DEFENDANT in this County and DEFENDANT (i) currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

## FIRST CAUSE OF ACTION

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37. DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197, 1198 and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a

20

CLASS ACTION COMPLAINT

systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule for the PLAINTIFF and other CALIFORNIA CLASS Members was set by DEFENDANT.

42.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.     Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

45.     PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

46.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

47.     All the acts described herein as violations of, among other things, the Industrial

21

CLASS ACTION COMPLAINT

Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

49.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

50.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

51.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

22

CLASS ACTION COMPLAINT

1 through 50 of this Complaint.

52.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

53.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

55.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

56.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

57.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

58.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

23

Exhibit G

benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

59.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

60.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

61.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.    DEFENDANT knew or should have known that the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

63.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order

24
CLASS ACTION COMPLAINT

to increase company profits at the expense of these employees.

64.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

65.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

66.     Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.    From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee. DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226..

68.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA

Exhibit G

LABOR SUBCLASS. These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

69.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

72.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later

than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

74.     Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

76.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

### FIFTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

77.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

28

Exhibit G

76 of this Complaint.

78.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

79.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

80.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

    B) An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS;

    C) Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

    D) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.  On behalf of the CALIFORNIA LABOR SUBCLASS:

    A) That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

    C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;



D)  The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

(E)  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.  On all claims:

A)  An award of interest, including prejudgment interest at the legal rate;

B)  Such other and further relief as the Court deems just and equitable; and,

C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, §1194 and/or §2802.

Dated: September 2, 2016            BLUMENTHAL, NORDREHAUG & BHOWMIK

                                   By:___/s/ Norman Blumenthal_____
                                        Norman B. Blumenthal
                                        Attorneys for Plaintiff

31
CLASS ACTION COMPLAINT

Exhibit G

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on issues triable to a jury.

Dated: September 2, 2016                    BLUMENTHAL, NORDREHAUG & BHOWMIK


                                            By:   /s/ Norman Blumenthal
                                                  Norman B. Blumenthal
                                                  Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-Complaint-FINAL.wpd

CLASS ACTION COMPLAINT

10:30

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/02/2016** at 11:07:41 AM

Clerk of the Superior Court
By Richard Day,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1
through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EUGENE SANDERS, an individual, on behalf of himself, and on behalf
of all persons similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*   37-2016-00030725-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal   (Bar # 68687)                    Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik                     Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE:                                Clerk, by                              , Deputy
*(Fecha)* 09/06/2016                 *(Secretario)* R. Day                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: OLD DOMINION FREIGHT LINE INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 10-20-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Exhibit G

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ─ Norman Blumenthal   (Bar # 68687) <br> Blumenthal, Nordrehaug & Bhowmik <br> 2255 Calle Clara <br> La Jolla, CA 92037 <br> TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232 <br> ATTORNEY FOR *(Name):* Plaintiff Eugene Sanders | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br> **09/02/2016** at 11:07:41 AM <br> Clerk of the Superior Court <br> By Richard Day, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
SANDERS v. OLD DOMINION

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] **Unlimited** <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] **Limited** <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] **Counter**   [ ] **Joinder** <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 37-2016-00030725-CU-OE-CTL |
| | | | JUDGE: Judge Gregory W Pollack <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 2, 2016

Norman Blumenthal
(TYPE OR PRINT NAME)

▶ /s/ Norman Blumenthal
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**Exhibit G**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 W Broadway | |
| MAILING ADDRESS:      330 W Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101-3827 | |
| BRANCH NAME:          Central | |
| TELEPHONE NUMBER: (619) 450-7071 | |

| PLAINTIFF(S) / PETITIONER(S):      Eugene Sanders |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Old Dominion Freight Line Inc |
| |
| SANDERS VS OLD DOMINION FREIGHT LINE INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2016-00030725-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Gregory W Pollack                                    Department: C-71

**COMPLAINT/PETITION FILED: 09/02/2016**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/10/2017 | 01:00 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)                    **NOTICE OF CASE ASSIGNMENT**                    Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00030725-CU-OE-CTL      CASE TITLE: Sanders vs Old Dominion Freight Line Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

SDSC CIV-730 (Rev 12-10)          **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**                    Page: 1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:   Central | |

| PLAINTIFF(S):   Eugene Sanders |
|---|
| DEFENDANT(S): Old Dominion Freight Line Inc |
| SHORT TITLE:   SANDERS VS OLD DOMINION FREIGHT LINE INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00030725-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                                    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)          ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____            _____
Name of Plaintiff                            Name of Defendant

_____            _____
Signature                                    Signature

_____            _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____            _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/06/2016                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

Exhibit G

**Soto, Diana E.**

| | |
|---|---|
| **From:** | efile_information@casd.uscourts.gov |
| **Sent:** | Friday, November 18, 2016 4:17 PM |
| **To:** | efile_information@casd.uscourts.gov |
| **Subject:** | Activity in Case 3:16-cv-02837-CAB-NLS Sanders v. Old Dominion Freight Line, Inc. et al Notice of Removal |
| **Categories:** | Blue Category |

<span style="color:red">This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.</span>
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

<div align="center">

**U.S. District Court**

**Southern District of California**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2016 at 4:02:08 PM PST and filed on 11/18/2016
**Case Name:**      Sanders v. Old Dominion Freight Line, Inc. et al
**Case Number:**      3:16-cv-02837-CAB-NLS
**Filer:**      Old Dominion Freight Line, Inc.
**Document Number:** 1

**Docket Text:**
<span style="color:blue">NOTICE OF REMOVAL with Jury Demand from Superior Court of California, County of San Diego, case number 37-2016-00030725-CU-OE-CTL. (Filing fee $ 400 receipt number 0974-9588293.), filed by Old Dominion Freight Line, Inc. (Attachments: # (1) Civil Cover Sheet, # (2) Exhibit A-F)</span>

<span style="color:blue">The new case number is 3:16-cv-02837-CAB-NLS. Judge Cathy Ann Bencivengo and Magistrate Judge Nita L. Stormes are assigned to the case.(lrf) Modified to update filer 11/18/2016; NEF regenerated. (lrf)</span>

**3:16-cv-02837-CAB-NLS Notice has been electronically mailed to:**

Norman B Blumenthal      norm@bamlawlj.com, bam@bamlawlj.com

Matthew Charles Kane      mkane@mcguirewoods.com, dsoto@mcguirewoods.com, revey@mcguirewoods.com, rmorrissette@mcguirewoods.com

**3:16-cv-02837-CAB-NLS Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=11/18/2016] [FileNumber=10355881
-0] [22bc59a9c995942f6ec1a5a10294910645c168680c091756c0e99a575925cb5b4
17edf131def3206a00f8f9529a380e0267b2f657b63a52c4335737e3db44458]]
**Document description:** Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=11/18/2016] [FileNumber=10355881
-1] [6c95d1a6181c329571722b4837b5fe1c369939e3dd34186ced9fd97be684d31bf
2acf4113abcfddd856e12957617268dcca190cbb2b7a6221a9c5c98e742b0fd]]
**Document description:**Exhibit A-F
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=11/18/2016] [FileNumber=10355881
-2] [1c60726015a18c28f9b1d301a8f7f465e9a79cb97b120215483eb0ef78ee69918
7a868e1931cc0e200761ab780e4480e5ed9baa9a2ec5b99090c9d7104a0e38f]]

*This is a re-generated NEF. Created on 11/18/2016 at 4:16 PM PST*

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On November 18, 2016, I served the following document(s) described as **NOTICE TO STATE COURT AND ADVERSE PARTIES OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Norma B. Blumenthal, Esq.                    Attorneys for Plaintiff
Kyle R. Nordrehaug, Esq.                      Eugene Sanders
Aparajit Bhowmik, Esq.
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Tel. 858.551.1223 / Fax. 858.551.1232

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐   **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐   **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 18, 2016, at Los Angeles, CA.

_____
Diana Soto

84397537.1
1
**PROOF OF SERVICE**

**BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
    Norman B. Blumenthal (State Bar #068687)
    Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>                    Defendants. | Case No. **37-2016-00030725-CU-OE-CTL**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br><br>5. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br><br>6. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT  [LABOR CODE §§ 2698, et seq.].<br><br>DEMAND FOR A JURY TRIAL |

Exhibit H

1    Plaintiff Eugene Sanders ("PLAINTIFF") an individual, on behalf of himself and all

2   other similarly situated current and former employees, alleges upon information and belief,

3   except for his own acts and knowledge which are based on personal knowledge, the following:

4

5                                          **THE PARTIES**

6    1.    Plaintiff Eugene Sanders worked for Defendant Old Dominion Freight Line Inc.

7   ("DEFENDANT") in California from September of 2014 through October of 2015 as a Truck

8   Driver.  As a Truck Driver, PLAINTIFF's work required the performance of manual labor

9   consisting of driving DEFENDANT's trucks and transporting for DEFENDANT in California.

10   In performing these duties, PLAINTIFF did not utilize any independent discretion, judgment,

11   or management decisions with respect to matters of significance.  To the contrary, the work of

12   PLAINTIFF as a Truck Driver was to provide on a daily basis the transportation of goods in

13   accordance with the management decisions and business policies established by DEFENDANT.

14   As a result, PLAINTIFF was entitled to be paid minimum wages, accurate wage statements, and

15   meal and rest periods as required by California law.  PLAINTIFF was paid by piece-rate only

16   while he was employed as a Truck Driver for DEFENDANT.  Importantly, he was not provided

17   with minimum wages for his non-production work time.  PLAINTIFF also did not receive paid

18   rest breaks as required by California law and DEFENDANT failed to provide PLAINTIFF with

19   the legally required meal periods.  DEFENDANT failed to pay PLAINTIFF the correct amount

20   of compensation because DEFENDANT established an illegal pay practice of paying

21   PLAINTIFF on a piece rate basis when delivering loads at the locations assigned by

22   DEFENDANT.  DEFENDANT however failed to pay minimum wages for compensable time

23   worked.  The amount in controversy for PLAINTIFF individually does not exceed the sum or

24   value of $75,000.

25    2.    Defendant Old Dominion Freight Line Inc. is a corporation that at all relevant

26   times mentioned herein conducted and continues to conduct substantial and regular business

27   throughout the State of California.  DEFENDANT operates a fleet of more than 6,900 tractors

28   and more than 27,000 trailers from more than 220 service centers. In addition to its core LTL

Exhibit H

1  services, the company offers its customers a broad range of logistics services including ground

2  and air transportation, supply chain consulting, container delivery and warehousing and

3  household moving.

4       3.     PLAINTIFF brings this class action on behalf of himself and a California class,

5  defined as all individuals who are or previously were employed by Defendant Old Dominion

6  Freight Line Inc. as Truck Driver employees and worked in California (the "CALIFORNIA

7  CLASS") at any time during the period beginning on the date four (4) years before the filing

8  of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA

9  CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA

10  CLASS Members is under five million dollars ($5,000,000.00).

11       4.     The true names and capacities, whether individual, corporate, associate or

12  otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

13  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

14  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF is informed and believes, and based

15  thereon, alleges that each of the Defendants designated herein is legally responsible in some

16  manner for the unlawful acts referred to herein. PLAINTIFF will seek leave of Court to amend

17  this Complaint to reflect the true names and capacities of the Defendants when they have been

18  ascertained and become known.

19       5.     The agents, servants and/or employees of the Defendants and each of them acting

20  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

21  agent, servant and/or employee of the Defendants, and personally participated in the conduct

22  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

23  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

24  all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

25  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

26  Defendants' agents, servants and/or employees.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

**THE CONDUCT**

6.      The work required to be performed by PLAINTIFF and the other CALIFORNIA CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods within the State of California in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set.  PLAINTIFF and CALIFORNIA CLASS Members were not compensated through a monthly salary.  PLAINTIFF and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to be ready for transport.  DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum compensation to PLAINTIFF and the other CALIFORNIA CLASS Members for their documented time worked.

7.      Individuals in these Truck Driver positions are and were employees who are entitled to minimum wage compensation and prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.

8.      Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage Order as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly

4

Exhibit H

1  compensation for time spent performing other non-driving tasks directed by DEFENDANT
2  during their work shifts.

3      9.    In addition, DEFENDANT failed to provide all the legally required unpaid, off-
4  duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and
5  the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor
6  Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally
7  required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to
8  the PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's
9  failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with all the legally
10 required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is
11 evidenced by DEFENDANT's business records.

12     10.    From time to time, DEFENDANT also failed to provide the PLAINTIFF and the
13 other members of the CALIFORNIA CLASS with complete and accurate wage statements
14 which failed to show, among other things, the correct minimum wages for time worked,
15 including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226
16 provides that every employer shall furnish each of his or her employees with an accurate
17 itemized wage statement in writing showing, among other things, gross wages earned and all
18 applicable hourly rates in effect during the pay period and the corresponding amount of time
19 worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other
20 members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code
21 § 226.

22     11.    DEFENDANT as a matter of corporate policy, practice and procedure,
23 intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFF
24 and the other CALIFORNIA CLASS Members for required business expenses incurred by the
25 PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
26 their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers
27 are required to indemnify employees for all expenses incurred in the course and scope of their
28

Exhibit H

Exhibit H

1  employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

2  her employee for all necessary expenditures or losses incurred by the employee in direct

3  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

4  the employer, even though unlawful, unless the employee, at the time of obeying the directions,

5  believed them to be unlawful."

6      12.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

7  Members as a business expense, were required by DEFENDANT to use their own personal

8  cellular phones as a result of and in furtherance of their job duties as employees for

9  DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

10  associated with the use of their personal cellular phones for DEFENDANT's benefit.  As a

11  result, in the course of their employment with DEFENDANT the PLAINTIFF and other

12  members of the CALIFORNIA CLASS incurred unreimbursed business expenses which

13  included, but were not limited to, costs related to the use of their personal cellular phones all

14  on behalf of and for the benefit of DEFENDANT.

15      13.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS,

16  seeks to recover all the compensation that DEFENDANT is required by law to provide, but

17  failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members.  PLAINTIFF

18  also seeks penalties and all other relief available to him and other CALIFORNIA CLASS

19  Members under California law.  Finally, PLAINTIFF seeks declaratory relief finding that the

20  employment practices and policies of the DEFENDANT violated California law and injunctive

21  relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

22      14.    In performing the conduct herein alleged, the DEFENDANT's wrongful conduct

23  and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFF and the

24  other members of the CALIFORNIA CLASS of money and career opportunities to which they

25  were lawfully entitled.  DEFENDANT engaged in such wrongful conduct by failing to have

26  adequate employment policies and maintaining adequate employment practices consistent with

27  such policies and the applicable law.  DEFENDANT's wrongful conduct as herein alleged

28

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit H

1  caused the money belonging to the PLAINTIFF and the other members of the CALIFORNIA

2  CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for

3  DEFENDANT's own use.

4      15.    DEFENDANT's practices violated and continue to violate the law, regardless

5  of whether the employees' work is paid by commission, by salary, by piece rate, or by part

6  commission, part piece rate, and/or part salary.  As a result of this policy and practice,

7  DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

8      16.    Accordingly, DEFENDANT committed acts of unfair competition in violation

9  of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by

10  engaging in company-wide policies that violated the California Labor Code and regulations

11  promulgated thereunder as herein alleged.

12

13              **THE CALIFORNIA CLASS**

14      17.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

15  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

16  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class,

17  defined as all individuals who are or previously were employed by DEFENDANT as Truck

18  Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during

19  the period beginning on the date four (4) years before the filing of this Complaint and ending

20  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount

21  in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

22  dollars ($5,000,000.00).

23      18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

24  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

25  Requirements, and the applicable provisions of California law, intentionally, knowingly, and

26  wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive

27  method to calculate minimum, and payment for missed meal periods and off-duty rest breaks

28  owed to the PLAINTIFF and the other members of the CALIFORNIA CLASS.

7

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

19.     All CALIFORNIA CLASS Members, including the PLAINTIFF, performed the same manual labor and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, and failed to correctly pay minimum wages.   This business practice is uniformly applied to each and every member of the CALIFORNIA CLASS, and therefore, the propriety of these business practices can be adjudicated on a class-wide basis.

20.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that uniformly denied PLAINTIFF and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law;

(b)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly and systematically fail to provide and record all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and the CALIFORNIA CLASS members; and,

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

21.     This Class Action meets the statutory prerequisites for the maintenance of a Class

8

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

1    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all CALIFORNIA CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all other members of the CALIFORNIA CLASS, was subjected to DEFENDANT's illegal practice of failing to pay minimum wages for all time worked by the PLAINTIFF and other members of the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

9

22.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially inpair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT subjects these employees to DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim Plaintiff seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be

10

1        necessary to prevent and remedy the conduct declared to constitute

2        unfair competition;

3    (c)    Common questions of law and fact exist as to the members of the

4        CALIFORNIA CLASS, with respect to the practices and violations of

5        California Law as listed above, and predominate over any question

6        affecting only individual CALIFORNIA CLASS Members, and a Class

7        Action is superior to other available methods for the fair and efficient

8        adjudication of the controversy, including consideration of:

9        1)    The interests of the members of the CALIFORNIA CLASS in

10            individually controlling the prosecution or defense of separate

11            actions;

12        2)    The extent and nature of any litigation concerning the controversy

13            already commenced by or against members of the CALIFORNIA

14            CLASS;

15        3)    The desirability or undesirability of concentrating the litigation of

16            the claims in the particular forum;

17        4)    The difficulties likely to be encountered in the management of a

18            Class Action; and,

19        5)    The basis of DEFENDANT's conduct towards PLAINTIFF and

20            the CALIFORNIA CLASS.

21    23.    This Court should permit this action to be maintained as a Class Action pursuant

22    to Cal. Code of Civ. Proc. § 382 because:

23        (a)    The questions of law and fact common to the CALIFORNIA CLASS

24            predominate over any question affecting only individual CALIFORNIA

25            CLASS Members because the DEFENDANT's employment practices are

26            uniform and systematically applied with respect to the CALIFORNIA

27            CLASS;

28

11

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS

12

PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUBCLASS

25.    PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT as Truck Driver employees and worked in California (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS PERIOD should be adjusted accordingly.

27.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

1    compensation for the time worked by the PLAINTIFF and the other members of the

2    CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

3    work, required employees to perform this work and permitted or suffered to permit this work.

4    DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

5    wages to which these employees are entitled in order to unfairly cheat the competition and

6    unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA

7    LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

8    PERIOD should be adjusted accordingly.

9        28.    Common questions of law and fact exist as to members of the CALIFORNIA

10   LABOR SUBCLASS, including, but not limited, to the following:

11           (a)    Whether DEFENDANT unlawfully failed to pay minimum wage

12                       compensation to members of the CALIFORNIA LABOR SUBCLASS in

13                       violation of the California Labor Code and applicable regulations;

14           (b)    Whether DEFENDANT's policy and practice of failing to pay

15                       CALIFORNIA LABOR SUBCLASS Members wages, including

16                       minimum wages for all time worked, violates applicable provisions of

17                       California law;

18           (c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

19                       compensation due to members of the CALIFORNIA LABOR SUB-

20                       CLASS for missed meal and rest breaks in violation of the California

21                       Labor Code and California regulations and the applicable California Wage

22                       Order;

23           (d)    Whether DEFENDANT unlawfully failed to keep and furnish

24                       CALIFORNIA LABOR SUBCLASS Members with accurate records of

25                       time worked;

26           (e)    Whether DEFENDANT failed to reimburse CALIFORNIA LABOR

27                       SUB-CLASS Members for business expenses incurred that were

28

<center>14</center>

necessary to perform their job duties for DEFENDANT; and,

    (f)    Whether DEFENDANT's conduct was willful.

29.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

    (a)    Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

    (b)    Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

    (c)    Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

30.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA LABOR SUBCLASS are so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

(c)     The claims of the representative PLAINTIFF are typical of the claims of
each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF,
like all other members of the CALIFORNIA LABOR SUBCLASS, was
denied compensation for all time worked as a result of DEFENDANT's
systematic illegal and deceptive pay practices. PLAINTIFF and all other
members of the CALIFORNIA LABOR SUBCLASS sustained economic
injuries arising from DEFENDANT's violations of the laws of California.
PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS
were and are similarly or identically harmed by the same unlawful,
deceptive, unfair and pervasive pattern of misconduct engaged in by the
DEFENDANT as described above; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and
protect the interest of the CALIFORNIA LABOR SUBCLASS, and has
retained counsel who are competent and experienced in Class Action
litigation. There are no material conflicts between the claims of the
representative PLAINTIFF and the members of the CALIFORNIA
LABOR SUBCLASS that would make class certification inappropriate.
Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously
assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

31.     In addition to meeting the statutory prerequisites to a Class Action, this action is
properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive,
statutory and other legal questions within the class format, prosecution of
separate actions by individual members of the CALIFORNIA LABOR
SUBCLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual
members of the CALIFORNIA LABOR SUBCLASS which would

16

establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)      Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUBCLASS as a whole in that the DEFENDANT fails to pay these employees minimum wage compensation as a result of DEFENDANT's company wide illegal and deceptive pay practices;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUBCLASS members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)      The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

17

3)    The desirability or undesirability of concentrating the litigation of
the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a
Class Action; and,

5)    The basis of DEFENDANT's conduct towards PLAINTIFF and
the CALIFORNIA LABOR SUBCLASS.

32.    This Court should permit this action to be maintained as a Class Action pursuant
to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR
SUBCLASS predominate over any question affecting only individual
members;

(b)    A Class Action is superior to any other available method for the fair and
efficient adjudication of the claims of the members of the CALIFORNIA
LABOR SUBCLASS because in the context of employment litigation a
substantial number of individual CALIFORNIA LABOR SUBCLASS
members will avoid asserting their rights individually out of fear of
retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUBCLASS are so
numerous that it is inpractical to bring all members of the CALIFORNIA
LABOR SUBCLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS
members, will not be able to obtain effective and economic legal redress
unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and
equitable relief for the acts of unfair competition, statutory violations and
other improprieties, and in obtaining adequate compensation for the
damages and injuries which DEFENDANT's actions have inflicted upon

18

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

the CALIFORNIA LABOR SUBCLASS;

(f)      There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)      DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)      The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR SUBCLASS PERIOD; and,

(i)      Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33.      DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

34.      This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

35.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked for DEFENDANT in this County and DEFENDANT (i) currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

36.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37.     DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not

limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197, 1198 and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule for the PLAINTIFF and other CALIFORNIA CLASS Members was set by DEFENDANT.

42.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFF and the other members of the

21

CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

45.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

46.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

47.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

49.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

50.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

51.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

53.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than

the minimum so fixed in unlawful.

55.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

56.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

57.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

58.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

59.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

60.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

61.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.    DEFENDANT knew or should have known that the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

63.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

64.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

Exhibit H

under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS**

**and Against All Defendants)**

65.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

66.    Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by

26

January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.    From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee. DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

68.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS. These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an

amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

### FOURTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

69.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.     Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71.     Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

72.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

CLASS Members' employment contract.

74.     Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

76.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**FIFTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

77.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

78.     Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions,

believed them to be unlawful.

79.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

80.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### SIXTH CAUSE OF ACTION

#### For Violation of the Private Attorneys General Act

#### [Cal. Lab. Code §§ 2698, *et seq.*]

#### (By Plaintiff and Against All Defendants)

81.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-80,

Exhibit H

supra, as though fully set forth at this point.

82.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.    An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.    The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.    In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

83.    Plaintiff, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to himself and all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California during the time period of September 2, 2015 until the present (the "AGGRIEVED EMPLOYEES").

84.    On September 7, 2016, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein. The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

85.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay Plaintiff and

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit H

the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 204, 226(a), 226.7, 256, 512, 1194, 1197, 1197.1, 1198, 2802 and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS;

    C)  Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

    D)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.  On behalf of the CALIFORNIA LABOR SUBCLASS:

    A)  That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant

to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

D) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

(E) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3. On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, §1194 and/or §2802.

33

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit H

Dated: March 3, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP

By:    /s/ Norman Blumenthal
        Norman B. Blumenthal
        Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit H

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on issues triable to a jury.

Dated: March 3, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP


By:   */s/ Norman Blumenthal*
          Norman B. Blumenthal
          Attorneys for Plaintiff

G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-FAC.wpd

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit H

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT #1**

36

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit H

Exhibit H

FACSIMILE
(858) 551-1232

# BLUMENTHAL, NORDREHAUG & BHOWMIK
## 2255 CALLE CLARA
### LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com

TELEPHONE
(858) 551-1223

*San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Chicago*

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

September 7, 2016
CA1262

## VIA EMAIL TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Old Dominion Freight Line Inc.
Certified Mail # 70142120000378196045
CT Corporation
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 204,
226(a), 226.7, 512, 1194, 1197, 1197.1, 1198, 2802, Violation of Applicable
Industrial Welfare Commission Wage Order(s), and Pursuant To California
Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Eugene Sanders ("Plaintiff"), and other aggrieved
employees in a lawsuit against Old Dominion Freight Line Inc. ("Defendant"). Plaintiff was
employed by Defendant in California from September of 2014 to October of 2015 as a Truck
Driver Employee entitled to the legally required meal and rest breaks and payment for all
time worked under Defendant's control. Defendant, however, unlawfully failed to record
and pay Plaintiff and other aggrieved employees for all of their time worked and for all of
their  missed meal and rest breaks. As a consequence of the aforementioned violations,
Plaintiff further contends that Defendant failed to provide accurate wage statements to him,
and other aggrieved employees, in violation of California Labor Code section 226(a).
Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order
7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and
ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor
Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, 1194, 1197, 1197.1, 1198, 2802, Violation
of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable
under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiff against Defendant, which
(i) identifies the alleged violations, (ii) details the facts and theories which support the
alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the
people/entities, dates, classifications, violations, events, and actions which are at issue to the
extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is
attached hereto. This information provides notice to the Labor and Workforce Development
Agency of the facts and theories supporting the alleged violations for the agency's reference.
Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as

Exhibit H

if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the Complaint filed in the San Diego County Superior Court, Case No. 37-2016-00030725-CU-OE-CTL, against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\l-paga-01.wpd

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   Piya Mukherjee (State Bar #274217)
    Victoria B. Rivapalacio (State Bar #275115)
4   2255 Calle Clara
    La Jolla, CA 92037
5   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
6

7   Attorneys for Plaintiff

8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                **IN AND FOR THE COUNTY OF SAN DIEGO**
11

12

13  EUGENE SANDERS, an individual, on          CASE No. **37-2016-00030725-CU-OE-CTL**
    behalf of himself, and on behalf of all persons
14  similarly situated,                        **CLASS ACTION**

15             Plaintiff,
                                               **PROOF OF SERVICE**
16  vs.

17  OLD DOMINION FREIGHT LINE INC., a
    Corporation; and Does 1 through 50,
18  Inclusive,

19

20             Defendants.

21

22

23

24

25

26

27

28

---

                            PROOF OF SERVICE
                                       Case No. 37-2016-00030725-CU-OE-CTL

Exhibit I

Exhibit I

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, Piya Mukherjee, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037.

On March 3, 2017, I served the document(s) described as:

**1.      FIRST AMENDED CLASS ACTION COMPLAINT**

__XX__ : (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

Matthew C. Kane
Sabrina A. Beldner
MCGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067

__X__    (State): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2017, at La Jolla, California.


               __/s/Piya Mukherjee_____
               Piya Mukherjee

G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-pos-FAC.wpd

Exhibit I

DocuSign Envelope ID: ...3-000000382

**Exhibit J**



| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7071 | |

| |
|---|
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Eugene Sanders |
| DEFENDANT(S)/RESPONDENT(S): Old Dominion Freight Line Inc |
| Short Title: Sanders vs Old Dominion Freight Line Inc [E-File] |

| NOTICE OF HEARING | CASE NUMBER: |
|---|---|
| | 37-2016-00030725-CU-OE-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| <u>TYPE OF HEARING</u> | <u>DATE</u> | <u>TIME</u> | <u>DEPT</u> | <u>JUDGE</u> |
|---|---|---|---|---|
| Status Conference (Civil) | 06/23/2017 | 01:30 pm | C-71 | Gregory W Pollack |

Status of Case - After Remand from Federal Court

Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown.  Refer to local rules.

**Exhibit J**

Batch 78 Extract Page 74-000000382

Exhibit J



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| Central<br>330 West Broadway<br>San Diego, CA 92101 | |
| **SHORT TITLE:** Sanders vs Old Dominion Freight Line Inc [E-File] | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2016-00030725-CU-OE-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at <u>San Diego</u>, California on <u>06/07/2017</u>. The mailing occurred at <u>Gardena, California</u> on <u>06/08/2017</u>.


Clerk of the Court, by: _Jerry Ray_____ , Deputy
                                                  T. Ray

MATTHEW  C KANE
MCGUIRE WOODS LLP
1800  CENTURY PARK EAST, 8TH FLOOR
LOS ANGELES, CA 90067


---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Exhibit J

FILED
SAN DIEGO SUPERIOR COURT

JUN ~ 5 2017

CLERK OF THE SUPERIOR COURT

BY: _____ T. RAY _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE SANDERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>Defendant. | Case No.: 16-CV-2837-CAB-NLS<br>2016 - 30725<br>**ORDER RE MOTION TO REMAND AND MOTION TO DISMISS**<br><br>[Doc. Nos. 4, 7] |

This matter is before the Court on Plaintiff's motion to remand [Doc. No. 7] and Defendant's motion to dismiss [Doc. No. 4]. Both motions have been fully briefed and the Court deems them suitable for submission without oral argument. For the reasons set forth below, the Court finds that Defendant has not satisfied its burden to demonstrate that the amount in controversy exceeds $5 million by a preponderance of the evidence, meaning that this Court does not have subject matter jurisdiction. Accordingly, the motion to remand is granted, and the motion to dismiss is denied as moot. [1]

I.     **Background**

Plaintiff Eugene Sanders is a former truck driver for Defendant Old Dominion Freight Line, Inc. ("ODFL"). On September 2, 2016, Sanders filed a complaint in San Diego County Superior Court asserting claims on behalf of himself and putative classes of

---

[1] ODFL's "Renewed Evidentiary Objections to and Motion to Strike Plaintiff's Reply Declaration" [Doc. No. 17-2] are **OVERRRULED** for the second time. *See* Docket No. 16 (ordering that Defendant's objections to Plaintiff's reply were overruled).

1

1    ODFL's truck drivers who worked in California. The complaint asserts five claims under

2    California's unfair competition and labor laws, and expressly alleges that the amount in

3    controversy for the class claims is under $5 million. [Doc. No. 1-2 at ¶ 4.]

4         On November 18, 2016, ODFL removed the lawsuit to this court. In the notice of

5    removal, ODFL asserts that all of the requirements for subject matter jurisdiction under the

6    Class Action Fairness Act ("CAFA") are met insofar as minimum diversity exists and the

7    amount in controversy exceeds $5 million. The notice includes calculations of the amount

8    in controversy for each of Plaintiff's claims and explains to underlying assumptions for

9    those calculations, but the notice does not include any evidence to support ODFL's

10   assumptions and other figures used in its calculations. The notice alleged that the amount

11   in controversy is $6,341,246.50.

12        On November 30, 2016, Sanders moved to remand the case to state court. The

13   motion primarily argues that ODFL's violation rate assumptions were flawed and that by

14   not including any evidence with its notice of removal, ODFL has not met its burden to

15   establish by a preponderance of the evidence that the amount in controversy exceeds $5

16   million notwithstanding the allegation in the complaint to the contrary. The motion did not

17   include any evidence supporting Plaintiff's position.

18        In its opposition to the motion, ODFL provided a declaration from Laura Williams,

19   ODFL's payroll director, that explained the basis for some of the calculations in the notice

20   of removal and in the opposition brief, including the number of ODFL truck drivers who

21   fit within the class definitions in the complaint, the number of days those drivers worked,

22   the number of those drivers who left employment with ODFL during the class periods, the

23   average hourly wages of truck drivers during the class periods, the average recorded hours

24   per work day during the class periods, the number of dispatches by the truck drivers during

25   the work period, and the number of wage statements per driver during the relevant class

26   period. Without an express acknowledgement of the change from the amount ODFL

27   alleged in the notice of removal, ODFL's opposition argues that the amount in controversy

28   is $7,231,079.00.

1    Plaintiff's reply then argued that the evidence supporting ODFL's calculations
2    (which ODFL provided for the first time in its opposition) demonstrated that the
3    calculations and assumptions used by ODFL to arrive at its amount in controversy figure
4    were incorrect. In particular, Plaintiff pointed out that ODFL's calculations included time
5    that putative class members worked outside of California to which California labor laws
6    do not apply and therefore should not be included in the amount in controversy. The Court
7    allowed ODFL to file a sur-reply to address these arguments. ODFL's sur-reply
8    acknowledged that its calculations included non-California work time of putative class
9    members, but argued that even after removing such time, the amount in controversy is
10   $6,320,236.75.

11   **II.    Legal Standards**

12   A suit filed in state court may be removed to federal court by the defendant or
13   defendants if the federal court would have had original subject matter jurisdiction over that
14   suit. 28 U.S.C. § 1441(a); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977-78
15   (9th Cir. 2013). Generally, subject matter jurisdiction is based on the presence of a federal
16   question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C.
17   § 1332. Here, however, ODFL argues solely that this Court has jurisdiction based on
18   CAFA. Pursuant to CAFA, federal district courts have original subject matter jurisdiction
19   over class actions in which a member of the plaintiff class is a citizen of a state different
20   from any defendant and the aggregate amount in controversy exceeds $5 million, exclusive
21   of interest and costs. 28 U.S.C. § 1332(d)(2). "Section 1332(d) thus abandons the complete
22   diversity rule for covered class actions." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d
23   676, 680 (9th Cir. 2006). However, "under CAFA the burden of establishing removal
24   jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id.* at 685.

25   "A defendant seeking removal of a putative class action must demonstrate, by a
26   preponderance of evidence, that the aggregate amount in controversy exceeds the
27   jurisdictional minimum." *Rodriguez*, 728 F.3d at 981. Usually, "[t]he removal statute is
28   strictly construed, and any doubt about the right of removal requires resolution in favor of

3

16-CV-2837-CAB-NLS

Exhibit K

1    remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

2    However, "Congress intended CAFA to be interpreted expansively." *Ibarra*, 775 F.3d at

3    1197. Thus, "no antiremoval presumption attends cases invoking CAFA, which Congress

4    enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*

5    *Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

6        To remove a case pursuant to CAFA, "a defendant's notice of removal need include

7    only a plausible allegation that the amount in controversy exceeds the jurisdictional

8    threshold." *Id.* "But evidence establishing the amount is required where, as here,

9    defendant's assertion of the amount in controversy is contested by plaintiffs. In such a

10   case, both sides submit proof and the court decides, by a preponderance of the evidence,

11   whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at

12   1197 (citations and internal quotation marks omitted). "CAFA's requirements are to be

13   tested by consideration of real evidence and the reality of what is at stake in the litigation,

14   using reasonable assumptions underlying the defendant's theory of damages exposure."

15   *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). "[A] defendant

16   cannot establish removal jurisdiction by mere speculation and conjecture, with

17   unreasonable assumptions." *Id.* at 1197.

18       In sum, because Sanders alleged that less than $5 million was in controversy in the

19   complaint and challenged ODFL's allegations in the notice of removal, ODFL "has the

20   burden to put forward evidence showing that the amount in controversy exceeds $5 million,

21   to satisfy other requirements of CAFA, and to persuade the court that the estimate of

22   damages in controversy is a reasonable one." *Id.*

23       **A.   Discussion**

24       There is no dispute that the number of putative class members exceeds the minimum

25   required for CAFA jurisdiction or that the requisite diversity requirements are present. The

26   only dispute concerns the amount in controversy and whether ODFL's estimate(s) is a

27   reasonable one. The complaint specifically alleges that the amount in controversy is less

28   than $5 million. The notice of removal, opposition brief, and sur-reply, meanwhile, each

4

Exhibit K

1  offer a different estimate of the amount in controversy, but all three estimates exceed $5

2  million.  All of these estimates generally rely on several assumptions that Plaintiff disputes

3  or that the Court finds unreasonable.  ODFL breaks down its calculation by the various

4  categories of relief sought in the complaint.[2]  Each of these categories is addressed below.

### 1.    Meal Period and Rest Break Claims

6  In the complaint, Plaintiff demands "one (1) hour of pay for each workday in which

7  an off-duty meal period was not timely provided for each five (5) hours of work, and/or

8  one (1) hour of pay for each workday in which a second off-duty meal period was not

9  timely provided for each ten (10) hours of work," and "one (1) hour of pay for each

10  workday in which a rest period was not timely provided as required by law."  [Doc. No. 1-

11  2 at ¶ 44.]  The complaint is silent as to the potential total damages for these violations

12  other than to state that the total is less than $5 million.

13  In the notice of removal and opposition, ODFL asserts that the amount in

14  controversy on these claims is $3,584,317.20.  In the sur-reply, after removing class

15  member workdays outside of California, ODFL's estimate is reduced to $3,066,631.40.  To

16  arrive at these totals, ODFL multiplies the number of workdays by the average hourly rate

17  by the number of violations per workday.  ODFL assumes a 50% violation rate for both

18  meal breaks and rest periods.  Thus, the formula ODFL uses is:

| | Avg. Hourly Rate | Violation Rate | Combined meal and rest periods per work day | Workdays | Total |
|---|---|---|---|---|---|
| **All Workdays** | $26.20   x | .5   x | 2.0   x | 136,806 = | $3,584,317.20 |
| **California Workdays** | $26.20   x | .5   x | 2.0   x | 117,047 = | $3,066,631.40 |

---

[2] The complaint includes a claim for failure to reimburse employees for required expenses, but ODFL never includes an amount for this claim in its amount in controversy calculations, so the Court disregards it for the purposes of determining whether ODFL has met its burden to establish CAFA jurisdiction.

5

Exhibit K

1   ODFL disputes that the number of workdays should be reduced to California workdays

2   because the complaint does not specify that it is limited to California workdays. However,

3   the complaint limits class members to those who worked in California and asserts claims

4   only under California law. Further, the complaint specifies only that Sanders worked for

5   ODFL in California from September 2014 to October 2015, even though he continued to

6   work for ODFL after October 2015 in Nevada, implying that Sanders, and therefore the

7   class, only seek damages for claims related to time worked in California. Accordingly,

8   ODFL's inclusion of non-California workdays in its original calculations was not a

9   reasonable assumption.

10       Regardless, the most consequential assumption utilized by ODFL is the 50%

11   violation rate. Unlike the average hourly rate and the number of workdays, ODFL does

12   not offer any evidence supporting its use of this violation rate. ODFL merely states that it

13   is a reasonable assumption based on the allegations in the complaint that ODFL "uniformly

14   violated the rights of" the class and "uniformly and systematically fail to provide and

15   record all the legally required unpaid, off-duty meal periods and all the legally required

16   paid, off-duty rest periods to" Sanders and class members, and that ODFL's "policy and

17   practice" resulted in the meal and rest break violations. [Doc. No. 1-2 at ¶¶ 20(b), 41.]

18   ODFL even argues that it would be reasonable to assume a 100% violation rate based on

19   these allegations.[3] The Court is not persuaded.

20       "[A] 'pattern and practice' of doing something does not necessarily mean *always*

21   doing something." *Ibarra*, 775 F.3d at 1198-99. Likewise, a uniform or systematic

22   violation of labor laws pertaining to the provision of meal periods and rest breaks does not

23   necessarily mean that a violation occurred every single day that the employee worked.[4] If

24

25   ───────────────────

26   [3] A 100% violation rate also appears to be incompatible with ODFL's evidence that it occasionally made
     meal and rest break payments that were itemized on class members' wage statements. *See* Doc. No. 11 at

27   26 (asserting that 131 wage statements contained itemization of meal and rest break payments pursuant to
     California Labor Code § 226.7).

28   [4] For example, if ODFL had a rule that on the second Friday of every month, drivers were prohibited from
     taking a meal break, and that as a result drivers never had meal breaks on the second Friday of every

6

1   the complaint was alleging a violation every single day worked, instead of demanding one

2   hour of pay "for each workday in which an off-duty meal period was not timely provided

3   for each five (5) hours of work," the complaint would have simply demanded one hour of

4   pay for each workday in which five hours were worked.  That the complaint expressly

5   limits its demand to workdays in which a meal period or rest break were not provided

6   implies that on at least some occasions, meal periods and rest breaks were provided and a

7   violation did not occur.  Thus, assuming a 100% violation rate is not reasonable based on

8   the allegations in the complaint.

9        Nevertheless, without explanation, but perhaps in tacit acknowledgment that using

10  a 100% violation rate would not be reasonable, ODFL assumes only a 50% violation rate.

11  The only possible explanation that the Court can discern for ODFL's selection of this rate

12  is that it is sufficient to yield an amount in controversy in excess of $5 million.  However,

13  without evidence to support this violation rate, the use of a 50% violation rate (or virtually

14  any violation rate for that matter) is completely arbitrary and little more than speculation

15  and conjecture.  A defendant's assumption of a violation rate sufficient to put the total

16  amount in controversy over $5 million is not reasonable simply because the complaint does

17  not specify a particular violation rate.  It would be just as reasonable (if not more

18  reasonable) to use a 25% violation rate here, which would drop the total amount in

19  controversy here to less than $5 million.[5]  Because use of either a 25% violation rate or a

20  _____

21

22  month, ODFL arguably would have a "policy or practice" that uniformly and systematically violated the
    labor laws with respect to class members.  However, that policy or practice, though consistent with the

23  allegations in this complaint, would not result in a 100% or even a 10% violation rate per day worked.
    Thus, allegations of policies, practices, procedures, or uniform and systematic violations do not

24  necessarily justify an assumption that on every day that drivers worked a violation occurred.
    [5] There is no consistency among California district courts concerning what constitutes a "reasonable"

25  assumption for violation rates.  *Compare Armstrong v. Ruan Transp. Corp.*, No. EDCV 16-1143-VAP
    (SPx), 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25, 2016) (holding that it is not reasonable to assume one

26  violation per week based on allegation that the defendant did not provide "all the legally required" meal
    and rest periods) *with Dawson v. Hitco Carbon Composites, Inc.*, No. CV16-7337 PSG (FFMx), 2016 WL

27  7235629 (C.D. Cal. Dec. 14, 2016) (finding that allegations of uniform policy and practice of meal and
    rest period violations was sufficient to support an assumption of a 50% violation rate) *and Mejia v. DHL*

28  *Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015)

1  50% violation rate would at a minimum be equally reasonable (or equally unreasonable),

2  it is impossible for the Court to decide that ODFL has satisfied its burden to demonstrate,

3  *by a preponderance of the evidence*, that the amount in controversy for the meal and rest

4  break claims is $3,066,631.40, as ODFL claims in the sur-reply.  *See Ibarra*, 775 F.3d at

5  1199 ("Under the preponderance of the evidence standard, if the evidence submitted by

6  both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."); *see*

7  *also Armstrong*, 2016 WL 6267931, at *3 (holding that defendant had not satisfied burden

8  because it did not provide any factual support for assumption of one meal and rest period

9  violation per week).  Further, because this calculation constitutes over half of ODFL's total

10  amount in controversy estimate, ODFL's failure to meet its burden of proof as to the

11  amount in controversy on this claim is fatal to ODFL's assertion of jurisdiction under

12  CAFA.[6]

13              **2.    Violation Rate for Wage Statement Violations**

14       The complaint alleges that "from time to time" ODFL violated California Labor

15  Code § 226(a), which requires employers to provide employees with accurate itemized

16  wage statements.  [Doc. No. 1-2 at ¶ 67.]  The complaint seeks "liquidated damages of

17  $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

18

19

---

20  (holding that amount in controversy estimate based on 100% violation rate for meal and rest break

21  violations was reasonable because complaint alleged that the defendant maintained uniform policies and
procedures that caused the violations).  This inconsistency merely underscores that accepting a

22  defendant's assumed violation rate in the absence of any evidence or clear allegations in the complaint
supporting such rate is little more than an exercise of speculation and conjecture.

23  [6] *See Garibay v. Archstone Cmtys. LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming remand for

24  failure to meet burden to prove $5 million in controversy under CAFA where "[t]he only evidence the
defendants proffer is a declaration by their supervisor of payroll, which sets forth only the number of

25  employees during the relevant period, the number of pay periods, and general information about hourly
employee wages.  Beyond this, the defendants rely on speculative and self-serving assumptions about key

26  unknown variables."); *cf. Garza v. Brinderson Constructors, Inc.*, 178 F.Supp. 3d 906, 911 (N.D. Cal.
2016) (discounting entirety of calculation of 100% violation rate because complaint did not allege

27  universal violations, but finding assumption of one missed meal break per week reasonable when the
complaint alleged that named plaintiff regularly missed meal breaks and that defendants had a policy and

28  practice of meal and rest period violations).

1  violation in subsequent pay period pursuant to Labor Code § 226, in an amount according
2  to proof at the time of trial (but in no event more than $4,000.00 [per class member])."
3  [Doc. No. 1-2 at ¶ 68.]

4  　　　ODFL states that the class members received a total of 9,957 itemized wage
5  statements during the class period, but for its damages calculation excluded the 131
6  statements (1.3% of the total) that contained an itemization of meal and rest breaks.  ODFL
7  argues that the allegation that it violated Labor Code § 226(a) warrants use of a 100%
8  violation rate for the 9,826 wage statements that did not include an itemization of meal and
9  rest break payments.  Thus, according to ODFL, based on evidence that each of the 233
10  putative class members received an average of 42 wage statements that did not itemize
11  meal and rest break payments during the class period, it is reasonable to calculate an
12  amount in controversy based on each class member receiving the $4,000 maximum
13  penalty.[7]  Once again, the Court does not find this violation rate to be a reasonable
14  assumption or that ODFL's estimate of the amount in controversy is supported by the
15  preponderance of the evidence.

16  　　　An allegation that a violation occurred "from time to time" does not support the
17  use of a 100% violation rate, or more accurately, the 98.7% violation rate ODFL used for
18  its estimate of the amount in controversy for this claim.  If a truck driver did not miss any
19  meal or rest breaks during a pay period, presumably he would not have received any
20  payments for such meal or rest breaks and there would have been no basis for itemizing
21  such payments on the wage statement.  Although one can safely conclude that it is not

---

24  [7] $50 for the initial violation plus $100 for the subsequent 41 violations equals $4,150.00, exceeding the
maximum $4,000 penalty sought in the complaint.  However, ODFL's estimates and calculations also
25  suffer from the logistical shortcoming that if class members received an *average* of 42 statements,
presumably a significant percentage of the class members received fewer 40 statements and therefore
26  would have be entitled to less than $4,000 in penalties even assuming a 100% violation rate.  For example
if one employee received 52 wage statements and another received 32 statements, the average would be
27  42, but the total amount in controversy for the two would be $7,200 ($3,200 for the class member who
received 32 statements, and $4,000 for the class member who received 52 statements), not the $8,000 that
28  ODFL's calculations would assign to the two class members.

9

1    reasonable to assume a 98.7% violation rate based on the allegations in the complaint, the

2    selection of any violation rate to calculate the amount in controversy based on an allegation

3    that violations occurred "from time to time" would be arbitrary and speculative.  In any

4    event, ODFL has not satisfied its burden to demonstrate, by a preponderance of the

5    evidence, that a 98.7% violation rate is reasonable, and that the amount in controversy for

6    the wage statement claim is $932,000.00.

### 3.    Waiting Time Penalties

8         The complaint alleges that class members whose employment terminated during the

9    class period were not timely paid all of the wages they were owed at the time of termination.

10   For these violations, the complaint demands "thirty days of pay as penalty for not paying

11   all wages due at the time of termination for all employees who terminated employment

12   during the [class period]."  [Doc. No. 1-2 at ¶ 76.]  ODFL uses a 100% violation rate for

13   these claims as well.  However, based on the demand for thirty days of pay for every

14   terminated employee, and because the complaint seeks penalties for all employees who

15   terminated employment, ODFL's assumption is reasonable in this instance.

16        With its opposition, ODFL presented evidence that 60 employees terminated their

17   employment during the relevant class period and that the average hourly rate of the class

18   members was $26.21.  In the notice, ODFL estimates a month's pay to equal six hours

19   multiplied by the average hourly rate for each of the thirty days preceding the termination,

20   yielding a total of $283,068.00 for the 60 terminated employees.  Meanwhile, in its

21   opposition, ODFL uses 8 hours per day, which it states is less than the average of 9.53

22   hours per day that class members worked during the class period, increasing the total to

23   $377,424.00.[8]  Because ODFL's calculation in the opposition is supported by evidence and

24   Plaintiff does not offer any contrary evidence, ODFL has satisfied its burden to

25

26   _____

27   [8] *See generally Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (Cal. Ct. App. 1998) (holding that waiting
     time penalties are calculated by multiplication of the employees daily wage rate by the number of days of
28   nonpayment, up to thirty days, regardless of the number of days the employee typically worked in a
     month).

1   demonstrate by a preponderance of the evidence that the amount in controversy for the

2   waiting time penalties is $377,424.00.

### 4.   Minimum Wage Violations

4       The complaint alleges that ODFL inaccurately recorded all of the time class

5   members worked, including time spent on non-driving related tasks such as pre- and post-

6   trip inspections and time spent waiting for loads to be ready for transport), and therefore

7   did not pay class members minimum wage for all time worked. [Doc. No. 1-2 at ¶¶ 6, 56,

8   58.] The complaint demands "recovery of all unpaid wages" plus interest and costs. [*Id.*

9   at ¶ 64.]

10       In the notice of removal, ODFL assumes that these allegations justify an estimate of

11   .25 hours per day of off-the-clock work, and uses an $8.00 minimum wage to calculate a

12   total amount in controversy of $273,612.00.[9] [Doc. No. 1 at ¶ 37.] In the opposition,

13   ODFL assumes that these allegations justify an estimate of .25 hours *per dispatch* of off-

14   the-clock work. Thus, based on the Williams Declaration's statement that class members

15   were dispatched 450,361 times during the four years preceding the complaint, ODFL

16   argued that the total amount in controversy is $900,722.00.[10] In the sur-reply, this

17   calculation changes once again, as ODFL acknowledges that there were only 341,067

18   California dispatches among the class members. Using that figure, the total amount in

19   controversy using ODFL's other assumptions becomes $682,134.00.[11]

20       ODFL's calculations effectively assume that ODFL never paid class members for

21   any of the time spent on pre- and post- dispatch inspections. As with the meal and rest

22   break claims, however, ODFL fails to offer any evidence to support this 100% violation

23   rate. Accordingly, for the same reasons, ODFL has not demonstrated by a preponderance

24

25

---

26   [9] $8.00 x .25 hours x 136,806 work days = $273,612.00.
   [10] $8.00 x .25 hours x 450,361 dispatches = $900,722.00.

27   [11] $8.00 x .25 hours x 341,067 dispatches = $682,134.00. In the sur-reply, due to an apparent
   typographical error, ODFL performed its calculation using 340,067 dispatches, which yielded a total of

28   $680,134.00.

16-CV-2837-CAB-NLS

Exhibit K

1  of the evidence that the amount in controversy on this claim is $682,134.00. *See generally*

2  *Armstrong*, 2016 WL 6267931, at *6 (holding that the defendant had not satisfied burden

3  concerning amount in controversy for minimum wage violations premised on pre- and

4  post-trip inspections because the defendant did not offer facts to show how often the

5  violations allegedly occurred).

6  <center>**5. Attorney's Fees**</center>

7      The parties also dispute the proper measure for calculating attorney's fees when

8  determining CAFA jurisdiction. Plaintiff argues that fees are limited to those incurred as

9  of the date of removal. ODFL argues that the proper fee estimate is equal to 25% of the

10 total amount in controversy on the claims. In other words, according to ODFL if the non-

11 attorney fee amount in controversy on the claims in the complaint exceeds $4 million, the

12 total amount in controversy for CAFA jurisdiction is satisfied because it would be justified

13 in adding another $1 million in fees to the total. The Court need not reach this issue because

14 ODFL has not satisfied its burden to prove by a preponderance of the evidence that $4

15 million is in controversy on the claims in the complaint excluding fees. *See id.* at *7

16 ("While courts in the Ninth Circuit have considered potential attorneys' fees in calculating

17 the amount in controversy in wage-and-hour cases, Defendant's fee estimate is based on a

18 conjectural damages calculation and should be disregarded.").

19 **III.   Disposition**

20     For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion to remand

21 is **GRANTED**, and Defendant's motion to dismiss is **DENIED AS MOOT**. This case is

22 **REMANDED** to the Superior Court for San Diego County.

23     It is **SO ORDERED**.

24 Dated:  February 2, 2017

25

26                                       Hon. Cathy Ann Bencivengo

27                                       United States District Judge

28

I hereby attest and certify on _5/25/2017_
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

<center>12</center>

16-CV-2837-CAB-NLS

Exhibit L

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aparajit Bhowmik (CSB#248066); Victoria B. Rivapalacio (CSB#275115)<br>BLUMENTHAL, NORDREHAUG & BHOWMIK<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO. *(Optional):* (858) 551-1232<br>E-MAIL ADDRESS *(Optional):* victoria@bamlawca.com<br>ATTORNEY FOR *(Name):* Plaintiff Margarita Picos | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Eugene Sanders

DEFENDANT/RESPONDENT: Old Dominion Freight Line Inc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ✓ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 37-2016-00030725-CU-OE-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: November 23, 2016      Time: 1:00 p.m.      Dept.: C-71      Div.:      Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):* Victoria B. Rivapalacio

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff Eugene Sanders
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 2, 2016
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*
      Wage and hour CLASS ACTION: Violation of: (1) UCL; (2) CLC 1194, 1197 & 1197.1; (3) CLC 226; (4) CLC 201, 202 & 203; (5) CLC 2802; and (6) Private Attorneys General Act (Labor Code section 2698, et seq.)

Exhibit L

Exhibit L

CM-110

| PLAINTIFF/PETITIONER: Eugene Sanders | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line Inc. | 37-2016-00030725-CU-OE-CTL |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff brings this wage and hour CLASS ACTION on behalf of a class of Truck Driver employees of Defendant during the relevant time period. Plaintiff alleges that Defendant failed to compensate Plaintiff and CMs for all hours worked; to provide all legally-required meal and rest breaks; to provide proper itemized wage statements; or compensate Plaintiff and CMs for all business expenses incurred.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This is a wage and hour CLASS ACTION so trial should not be set until after class certification.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 2-5 depending on whether a class is certified.
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:           f.  Fax number:
e.  E-mail address:             g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit L

Exhibit L

CM-110

| PLAINTIFF/PETITIONER: Eugene Sanders | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line Inc. | 37-2016-00030725-CU-OE-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

Exhibit L

Exhibit L

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Eugene Sanders | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Old Dominion Freight Line Inc. | 37-2016-00030725-CU-OE-CTL |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Plaintiff's Motion for Class Certification

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | TBD |
| Plaintiff | PMK Deposition | TBD |
| Plaintiff | Identification of Class Members | TBD |
| Plaintiff | Electronic time and wage records for CMs | TBD |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Exhibit L

Exhibit L

CM-110

| PLAINTIFF/PETITIONER: | Eugene Sanders | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Old Dominion Freight Line Inc. | 37-2016-00030725-CU-OE-CTL |

17. **Economic litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

  ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

  This case was removed on November 18, 2016 and then remanded on February 2, 2017 (permission for appeal denied on March 1, 2017). No discovery has yet been served or exchanged. Plaintiff respectfully requests that the Court set a further CMC in ninety days, at which point an initial round of discovery will have been exchanged and Plaintiff will be better able to propose a class certification timeline.

19. **Meet and confer**

  a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 12, 2017

Victoria B. Rivapalacio
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

Exhibit L

Exhibit M

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
    Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  Piya Mukherjee (State Bar #274217)
    Victoria B. Rivapalacio (State Bar #275115)
4  2255 Calle Clara
    La Jolla, CA 92037
5  Telephone: (858)551-1223
    Facsimile: (858) 551-1232
6

7  Attorneys for Plaintiff

8

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **IN AND FOR THE COUNTY OF SAN DIEGO**

11

12

13  EUGENE SANDERS, an individual, on         CASE No. **37-2016-00030725-CU-OE-CTL**
    behalf of himself, and on behalf of all persons
14  similarly situated,                        **CLASS ACTION**

15                   Plaintiff,

16  vs.                                         **PROOF OF SERVICE**

17  OLD DOMINION FREIGHT LINE INC., a
    Corporation; and Does 1 through 50,
18  Inclusive,

19

20                   Defendants.

21

22

23

24

25

26

27

28

                                        PROOF OF SERVICE
                                                    Case No. 37-2016-00030725-CU-OE-CTL

Exhibit M

1  STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2      I, Victoria B. Rivapalacio, am employed in the County of San Diego, State of California. I
   am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara,
3  La Jolla, California 92037.

4      On June 12, 2017, I served the document(s) described as:

5
       1.    **PLAINTIFF'S CASE MANAGEMENT STATEMENT**
6

7  __XX__ : (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be
           placed in the United States mail at San Diego, California. I am readily familiar with
8          this firm's business practice for collection and processing of correspondence for
           mailing with the U.S. Postal Service pursuant to which practice the correspondence
9          will be deposited with the U.S. Postal Service this same day in the ordinary course of
           business (C.C.P. Section 10139a); 2015.5):
10
       Matthew C. Kane
11     Sabrina A. Beldner
       MCGUIRE WOODS LLP
12     1800 Century Park East, 8th Floor
       Los Angeles, CA 90067
13

14

15  __X__  (State): I declare under penalty of perjury under the laws of the State of California that the
16         above is true and correct.

17     Executed on June 12, 2017, at La Jolla, California.

18

19                                                    _____
20                                                    Victoria B. Rivapalacio

21  K:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-pos-FAC.wpd

22

23

24

25

26

27

28

1  **McGuireWoods LLP**
   Matthew C. Kane (SBN #171829)
2      Email:  mkane@mcguirewoods.com
   Sabrina A. Beldner (SBN #221918)
3      Email:  sbeldner@mcguirewoods.com
   Sylvia J. Kim (SBN #258363)
4      Email:  skim@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, CA  90067-1501
   Telephone:  310.315.8200
6  Facsimile:  310.315.8210

7  Attorneys for OLD DOMINION FREIGHT LINE, INC.

8

9

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/16/2017** at 09:04:00 AM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF SAN DIEGO**

12  EUGENE SANDERS, an individual, on behalf          CASE NO. 37-2016-00030725-CU-OE-CTL
    of himself, and on behalf of all persons
13  similarly situated,                               **DEFENDANT OLD DOMINION
                                                      FREIGHT LINE, INC.'S STATUS
14              Plaintiff,                            CONFERENCE STATEMENT**

15      vs.                                           <u>**Status Conference**</u>
                                                      **Date:    June 23, 2017**
16  OLD DOMINION FREIGHT LINE, INC., a                **Time:    1:30 p.m.**
    Corporation; and Does 1 through 50, Inclusive,    **Dept.:   C-71**
17                                                    **Judge:   Hon. Gregory W. Pollack**
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

91007900.1
**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT**

1  **TO THE HONORABLE GREGORY W. POLLACK, JUDGE OF THE SAN DIEGO**

2  **COUNTY SUPERIOR COURT, AND TO PLAINTIFF EUGENE SANDERS AND HIS**

3  **ATTORNEYS OF RECORD:**

4

5  Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant" or "ODFL") hereby

6  submits the following Status Conference Statement for the June 23, 2017 Status Conference set by

7  the Court:

8

9  **<u>Defendant's Removal to Federal Court and Related Federal Proceedings</u>**

10  On November 18, 2017, ODFL removed this action to the United States District Court for

11  the Southern District of California (the "District Court"), wherein it was assigned Case No. 3:16-

12  cv-02837-CAB-NLS (the "Federal Court Action"). *See* ROA #8.  While the Federal Court Action

13  has been pending, and during which time this Court was divested of jurisdiction over this action,

14  Plaintiff improperly filed a First Amended Complaint ("FAC") *in this Court*, purporting to add a

15  claim for civil penalties pursuant to the California Labor Code Private Attorneys General Act, Cal.

16  Lab. Code § 2699 et seq. ("PAGA").  *See* ROA #10.

17  On February 2, 2017, the District Court granted Plaintiff's Motion to Remand (the

18  "Remand Order").  On February 13, 2017, ODFL timely filed a Petition for Permission to Appeal

19  the Remand Order pursuant to 28 U.S.C. § 1453(c), which was denied by the Ninth Circuit on

20  March 1, 2017 (the "Order Denying Permission to Appeal").  On March 15, 2017, ODFL filed a

21  Petition for Rehearing En Banc in the Ninth Circuit requesting reconsideration en banc of the

22  Order Denying Permission to Appeal.  The Petition for Rehearing En Banc was denied by the

23  Ninth Circuit on May 18, 2017.  Accordingly, and pursuant to Rule 13 of the Rules of the United

24  States Supreme Court, ODFL's deadline to petition for a writ of certiorari to the United States

25  Supreme Court is August 16, 2017, and it is presently evaluating whether it will file such petition.

26

27

28

1
**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT**

**This Court Has Not Yet Been Re-Vested With Jurisdiction Because The District Court Clerk Has Not Yet Transmitted A Certified Copy Of The Remand Order**

On June 5, 2017, *Plaintiff* lodged a certified copy of the Remand Order in this action.  *See* ROA #14.  However, both this Court's Register of Actions for this case and the Federal Court Action docket (*see* Exhibit A attached hereto) show that *the Clerk of the District Court* has *not* transmitted a certified copy of the Remand Order to the Clerk of this Court via mail or otherwise, which is an express, statutory condition precedent to this Court being re-vested with jurisdiction.  Indeed, 28 U.S.C. § 1447 provides, in pertinent part: "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State Court.  The State court may thereupon proceed with such case."  28 U.S.C. § 1447.  In *Spanair S.A. v. McDonnell Douglas Corp.*, 172 Cal.App.4th 348, 356 (2009), the court interpreted that statutory language to mean that "jurisdiction is not returned to the state court until the *district court clerk mails a certified copy of the remand order to the clerk of the state court*."  (Emph. added).

Plaintiff cannot circumvent that express statutory requirement for this Court to be re-vested with jurisdiction simply by obtaining and filing in this Court his own certified copy of the Remand Order.  Rather, Plaintiff must take appropriate steps in the District Court to have the Clerk of that court transmit a certified copy of the Remand Order to this Court if Plaintiff does not want to wait for the District Court Clerk to do so on its own.  Consequently, at this juncture, and until that statutorily-mandated transmittal happens, this Court lacks and will continue to lack jurisdiction over this action, and any proceedings in this Court would be improper.

**Defendant's Intended Actions Upon Proper Remand By The Clerk Of The District Court**

Should Defendant decide to pursue a petition for writ of certiorari related to the Remand Order in the Supreme Court, and if a proper transmittal of the Remand Order by the Clerk of the District Court were to occur in the interim, Defendant intends to seek a stay of this action from this Court pending the outcome of its exhaustion of such appellate review.

Furthermore, pursuant to Code Civ. Proc. § 430.90(a)(2), Defendant's deadline  to file an answer or other pleading responsive to the operative complaint does not occur until "30 days from

the day the original court receives the case on remand....."  If the Federal Court Action is ultimately remanded back to this Court by operation of a proper transmittal of a certified copy of the Remand Order by the Clerk of the District Court, ODFL intends to file a Demurrer and Motion to Strike the FAC improperly filed by Plaintiff in this Court during the pendency of the Federal Court Action, in accordance with Code Civ. Proc. § 430.90(a)(2).

Accordingly, any further proceedings in this Court, including holding a Case Management Conference to set pre-trial or trial-related dates or deadlines and/or conducting any attempted discovery in this action, are premature and improper unless and until the Federal Court Action is properly remanded back to this Court *by the Clerk of the District Court.*

DATED: June 16, 2017                    **McGuireWoods LLP**

                                        By: _____
                                              Matthew C. Kang, Esq.
                                              Sabrina A. Beldner, Esq.
                                              Sylvia J. Kim, Esq.

                                        Attorneys for Old Dominion Freight Line, Inc.

80528059.2                                    3
**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit N

CM/ECF - casd                                                          Page 1 of 5

CLOSED

# U.S. District Court
# Southern District of California (San Diego)
# CIVIL DOCKET FOR CASE #: 3:16-cv-02837-CAB-NLS

Sanders v. Old Dominion Freight Line, Inc. et al
Assigned to: Judge Cathy Ann Bencivengo
Referred to: Magistrate Judge Nita L. Stormes
Demand: $7,119,000
Case in other court: USCA, 17-80017
                       Superior Court of California, County of
                       San Diego, 37-02016-00030725-CU-
                       OE-CTL
Cause: 28:1332nr Diversity-Notice of Removal

Date Filed: 11/18/2016
Date Terminated: 02/02/2017
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Eugene Sanders**
*an individual, on behalf of himself, and*
*on behalf of all persons similarly*
*situated*

represented by **Aparajit Bhowmik**
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
(858)551-1223
Fax: (858)551-1232
Email: aj@bamlawlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman B Blumenthal**
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
(858)551-1223
Fax: (858)551-1232
Email: norm@bamlawlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Bree Rivapalacio**
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
858-551-1223
Fax: 858-551-1232
Email: victoria@bamlawca.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Exhibit N

CM/ECF - casd                                                                                          Page 2 of 5

V.

**<u>Defendant</u>**

**Old Dominion Freight Line, Inc.**          represented by    **Matthew Charles Kane**
*a Corporation*                                               McGuireWoods LLP
                                                             1800 Century Park East
                                                             8th Floor
                                                             Los Angeles, CA 90067-1501
                                                             (310) 315-8295
                                                             Fax: (310) 315-8210
                                                             Email: mkane@mcguirewoods.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John A. Van Hook**
                                                             McGuire Woods LLP
                                                             1800 Century Park East
                                                             8th Floor
                                                             Los Angeles, CA 90067
                                                             (310) 315-8200
                                                             Fax: (310) 315-8210
                                                             Email: jvanhook@mcguirewoods.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Sabrina A. Beldner**
                                                             McGuire Woods LLP
                                                             1800 Century Park East
                                                             8th Floor
                                                             Los Angeles, CA 90067
                                                             (310) 956-3419
                                                             Fax: (310) 315-8210
                                                             Email: sbeldner@mcguirewoods.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Sylvia Jihae Kim**
                                                             McGuire Woods LLP
                                                             1800 Century Park East
                                                             8th Floor
                                                             Los Angeles, CA 90067
                                                             (310) 315-8216
                                                             Fax: (310) 956-3116
                                                             Email: skim@mcguirewoods.com
                                                             *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Does 1 through 50**
*Inclusive*

CM/ECF - casd                                                                Page 3 of 5

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2016 | 1 | NOTICE OF REMOVAL with Jury Demand from Superior Court of California, County of San Diego, case number 37-2016-00030725-CU-OE-CTL. (Filing fee $ 400 receipt number 0974-9588293.), filed by Old Dominion Freight Line, Inc. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-F)<br><br>The new case number is 3:16-cv-02837-CAB-NLS. Judge Cathy Ann Bencivengo and Magistrate Judge Nita L. Stormes are assigned to the case.(lrf) Modified to update filer 11/18/2016; NEF regenerated. (lrf) (sjt). (Entered: 11/18/2016) |
| 11/18/2016 | 2 | NOTICE of Party With Financial Interest by Old Dominion Freight Line, Inc. re 1 Notice of Removal, . No Parties With Financial Interest. (Kane, Matthew) (dxj). (Entered: 11/18/2016) |
| 11/18/2016 | 3 | NOTICE OF RELATED CASE(S) by Old Dominion Freight Line, Inc. of case (s) 3:16-cv-04140-JD; 2:13-cv-00891 DSF (RZx); 2:13-cv-04742 DSF (RZx) re 1 Notice of Removal, . (Kane, Matthew) (dxj). (Entered: 11/18/2016) |
| 11/25/2016 | 4 | MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* by Old Dominion Freight Line, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Kane, Matthew) (jjg). (Entered: 11/25/2016) |
| 11/30/2016 | 5 | NOTICE of Appearance by Victoria Bree Rivapalacio on behalf of Eugene Sanders (Rivapalacio, Victoria)Attorney Victoria Bree Rivapalacio added to party Eugene Sanders(pty:pla) (jjg). (Entered: 11/30/2016) |
| 11/30/2016 | 6 | NOTICE of Appearance by Aparajit Bhowmik on behalf of Eugene Sanders (Bhowmik, Aparajit)Attorney Aparajit Bhowmik added to party Eugene Sanders(pty:pla) (jjg). (Entered: 11/30/2016) |
| 11/30/2016 | 7 | MOTION to Remand to State Court by Eugene Sanders. (Attachments: # 1 Memo of Points and Authorities)(Bhowmik, Aparajit) (jjg). (Entered: 11/30/2016) |
| 12/01/2016 | 8 | NOTICE of Appearance by Sabrina A. Beldner on behalf of Old Dominion Freight Line, Inc. (Beldner, Sabrina)Attorney Sabrina A. Beldner added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 12/01/2016) |
| 12/01/2016 | 9 | NOTICE of Appearance by Sylvia Jihae Kim on behalf of Old Dominion Freight Line, Inc. (Kim, Sylvia)Attorney Sylvia Jihae Kim added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 12/01/2016) |
| 12/01/2016 | 10 | RESPONSE in Opposition re 4 MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* filed by Eugene Sanders. (Attachments: # 1 Declaration in Support of |

CM/ECF - casd                                                    Page 4 of 5

| | | Opposition)(Bhowmik, Aparajit) (jjg). (Entered: 12/01/2016) |
|---|---|---|
| 12/14/2016 | 11 | RESPONSE in Opposition re 7 MOTION to Remand to State Court filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Declaration of Laura Williams, # 2 Request for Judicial Notice)(Kane, Matthew) (jjg). (Entered: 12/14/2016) |
| 12/15/2016 | 12 | REPLY to Response to Motion re 7 MOTION to Remand to State Court filed by Eugene Sanders. (Attachments: # 1 Declaration of Aparajit Bhowmik in Support of Reply)(Bhowmik, Aparajit) (jjg). (Entered: 12/15/2016) |
| 12/16/2016 | 13 | REPLY to Response to Motion re 4 MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Supplemental Request for Judicial Notice)(Kane, Matthew) (jjg). (Entered: 12/16/2016) |
| 12/19/2016 | 14 | OBJECTION by Old Dominion Freight Line, Inc. re 12 Reply to Response to Motion *Objections to and Motion to Strike (1) Plaintiff's New Reply Facts, Arguments and Authorities Improperly Submitted in Support of Motion to Remand; and (2) Reply Declaration of Aparajit Bhowmik Improperly Submitted in Support of Motion to Remand*. (Kane, Matthew) (jjg). (Entered: 12/19/2016) |
| 12/20/2016 | 15 | RESPONSE re 14 Objection, filed by Eugene Sanders. (Bhowmik, Aparajit) (jjg). (Entered: 12/20/2016) |
| 01/09/2017 | 16 | ORDER Re Objections and Granting Leave to File a Sur-Reply. Signed by Judge Cathy Ann Bencivengo on 01/09/2017.(jjg) (Entered: 01/09/2017) |
| 01/17/2017 | 17 | SUR-REPLY - re 16 Order filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Supplemental Declaration of Laura Williams in Support of Sur-Reply in Further Opposition to Plaintiff's Motion to Remand, # 2 Renewed Evidentiary Objections to and Motion Strike Plaintiff's Reply Declaration of Aparajit Bhowmik Improperly Submitted In Support of Motion to Remand) (Kane, Matthew) (jjg). (Entered: 01/17/2017) |
| 02/02/2017 | 18 | ORDER Re Motion to Remand and Motion to Dismiss. Plaintiff's 7 Motion to Remand to State Court is granted. Defendant's 4 Motion to Dismiss for Failure to State a Claim is denied as moot. Signed by Judge Cathy Ann Bencivengo on 2/2/2017.(Certified copy of order sent to State Court via US Mail Service.) (fth) (sjt). (Entered: 02/02/2017) |
| 02/08/2017 | 19 | NOTICE of Appearance by John A. Van Hook on behalf of Old Dominion Freight Line, Inc. (Van Hook, John)Attorney John A. Van Hook added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 02/08/2017) |
| 02/08/2017 | 20 | Ex Parte MOTION to Stay *or Alternatively to Recall, Remand Order [Dkt #18] Pending Defendant's Petition for Permission to Appeal and Exhaustion of Appellate Review* by Old Dominion Freight Line, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of J. Van Hook with Exhibit A)(Van Hook, John) (jjg). (Entered: 02/08/2017) |
| 02/09/2017 | 21 | RESPONSE in Opposition re 20 Ex Parte MOTION to Stay *or Alternatively to* |

| | | *Recall, Remand Order [Dkt #18] Pending Defendant's Petition for Permission to Appeal and Exhaustion of Appellate Review* filed by Eugene Sanders. (Bhowmik, Aparajit) (jjg). (Entered: 02/09/2017) |
|---|---|---|
| 02/09/2017 | 22 | ORDER Denying 20 Ex Parte Application to Stay or Recall Remand. Signed by Judge Cathy Ann Bencivengo on 2/9/2017. (jjg) (Entered: 02/09/2017) |
| 02/13/2017 | 23 | USCA Case Number 17-80017 for Petition for Permission to Appeal under 1453(c) filed by Old Dominion Freight Line, Inc. (akr) (Entered: 02/13/2017) |
| 03/01/2017 | 24 | ORDER of USCA in USCA Case Number 17-80017. The petition for permission to appeal pursuant to 28 U.S.C. § 1453(c) is denied. The urgent motion to stay the USDC's remand order is denied as moot. Denied. (akr) (Entered: 03/01/2017) |
| 05/18/2017 | 25 | ORDER of USCA in USCA Case Number 17-80017. We construe petitioner's petition for rehearing en banc as a motion for reconsideration en banc. So construed, the motion is denied on behalf of the court. No further filings will be entertained in this closed case. (akr) (Entered: 05/18/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/15/2017 18:35:31 | | | |
| **PACER Login:** | ve0094:2658170:0 | **Client Code:** | 0702439-0127 |
| **Description:** | Docket Report | **Search Criteria:** | 3:16-cv-02837-CAB-NLS |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On June 16, 2017, I served the following document(s) described as **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Norma B. Blumenthal, Esq.                          Attorneys for Plaintiff
Kyle R. Nordrehaug, Esq.                            Eugene Sanders
Aparajit Bhowmik, Esq.
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Tel. 858.551.1223 / Fax. 858.551.1232

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐    **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐    **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 16, 2017, at Los Angeles, CA.

Leigh-Anne Locke

91007900.1                                                    1

Exhibit O

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 06/23/2017                    TIME: 01:30:00 PM          DEPT:  C-71

JUDICIAL OFFICER PRESIDING: Gregory W Pollack
CLERK:  Terry Ray
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  L. Wilks

CASE NO: **37-2016-00030725-CU-OE-CTL**  CASE INIT.DATE: 09/02/2016
CASE TITLE: **Sanders vs Old Dominion Freight Line Inc [E-File]**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

---

**EVENT TYPE**: Status Conference (Civil)

---

**APPEARANCES**
Victoria B. Rivapalacio, counsel, present for Plaintiff(s) telephonically.
Matthew C Kane, counsel, present for Defendant(s) telephonically.

---

Status Conference (Civil) is continued to 10/13/2017 at 01:30PM before Judge Gregory W Pollack.

_____
Judge Gregory W Pollack

Exhibit O

BatchPrintExtract_01.csv-50-000000375

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: (619) 450-7071

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Eugene Sanders

DEFENDANT(S)/RESPONDENT(S): Old Dominion Freight Line Inc

Short Title: Sanders vs Old Dominion Freight Line Inc [E-File]



| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>37-2016-00030725-CU-OE-CTL |
|---|---|

Notice is given that the hearing in the above-entitled case has been rescheduled from 06/23/2017 01:30 PM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Status Conference (Civil) | 10/13/2017 | 01:30 pm | C-71 | Gregory W Pollack |

Status of Case - After Remand from Federal Court

Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown. Refer to local rules.

Exhibit P

BatchPrintExtract_01.csv-51-000000375

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** SANDERS VS OLD DOMINION FREIGHT LINE INC [E-FILE]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **37-2016-00030725-CU-OE-CTL** |



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 06/28/2017. The mailing occurred at Gardena, California on 06/29/2017.

Clerk of the Court, by: _____ T. Ray _____ , Deputy

MATTHEW C KANE
MCGUIRE WOODS LLP
1800 CENTURY PARK EAST, 8TH FLOOR
LOS ANGELES, CA 90067

NORMAN B BLUMENTHAL
2255 CALLE CLARA
LA JOLLA, CA 92037

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Exhibit P

Exhibit P

BatchPrintExtract_01.csv-49-000000375

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000049  000000375



MATTHEW  C KANE
MCGUIRE WOODS LLP
1800 CENTURY PARK E STE 900
LOS ANGELES CA 90067-1512

Exhibit P

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3    Piya Mukherjee (State Bar #274217)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232

6

7  Attorneys for Plaintiff

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF SAN DIEGO**

12

13  EUGENE SANDERS, an individual,        Case No. **37-2016-00030725-CU-OE-CTL**
    on behalf of himself, and on behalf of
14  all persons similarly situated,        ASSIGNED FOR ALL PURPOSES TO Gregory
                                           W. Pollack
15
                 Plaintiff,
16                                         **JOINT STATUS CONFERENCE**
17  vs.                                    **STATEMENT**

18  OLD DOMINION FREIGHT LINE
    INC., a Corporation; and Does 1
19  through 50, Inclusive                  Hearing Date:     October 13, 2017
                                           Hearing Time:     1:30 p.m.
20                                         Dept.             C-71

21
                                           Action Filed:  September 2, 2016
22
                                           **IMAGED FILE**
23

24

25

26

27

28

Plaintiff EUGENE SANDERS ("Plaintiff") hereby respectfully submits this status

conference statement in advance of the Status Conference set for October 13, 2017 at 1:30

p.m. in Department 71.

## I.    STATEMENT OF THE CASE

Plaintiff brings this wage and hour class against Defendant OLD DOMINION

FREIGHT LINE INC. ("Defendant") (collectively with Plaintiff, the "Parties") on behalf of a

class of Truck Driver employees who were employed by Defendant during the time period

beginning September 2, 2012 through the date as set by the Court ("Class Members").

Plaintiff alleges that Defendant failed to compensate Plaintiff and Class Members for all

hours worked, such as pre and post trip inspection time and time spent waiting for loads to be

ready for transport. Plaintiff also alleges that Defendant failed to provide all legally required

meal and rest periods or compensate Plaintiff and Class Members with meal and rest period

premiums. Plaintiff further alleges that Defendant failed to provide Plaintiff and Class

Members with accurate itemized wages statements or to compensate Plaintiff and Class

Members of all business expenses they incurred for Defendant.

## II.    STATUS OF REMAND

This case was remanded to this Court on February 2, 2017, when the United States

District Court granted Plaintiff's Motion to Remand. The docket for the Federal Case,

attached here as Exhibit 1, reflects this Order and that the "[c]ertified copy of [the] order

[was] sent to State Court via US Mail Service," as required by 28 U.S.C. 1447. Ex. 1, Dkt.

18. This transmittal was sufficient to transfer jurisdiction of this matter to this Court.

Defendant's status conference statement in advance of the June 23, 2017 status conference,

therefore, falsely stated that jurisdiction had not been transferred to this Court.

## III.    STATUS OF DISCOVERY

The Parties were unable to participate in discovery pending remand back to this Court.

Exhibit Q

1  Plaintiff now intends to serve written discovery and notice the deposition of Defendant's

2  Person Most Knowledgeable.

3

4  **IV.    CASE SCHEDULING**

5        Because no discovery has yet been completed, Plaintiff respectfully submits that it is

6  premature to set a briefing schedule for Plaintiff's upcoming motion for class certification.

7  Plaintiff respectfully requests that the Court set a further status conference in ninety (90)

8  days, at which point Plaintiff will be better able to propose a briefing schedule for his motion

9  for class certification.

10

11

12        Respectfully submitted,

13  Dated: September 29, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

14

15                                     By: _____

16                                            Victoria B. Rivapalacio
                                              Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

---

Exhibit Q

Exhibit Q

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>Exhibit 1</u>

Exhibit Q

Exhibit Q

**Exh. A**

CLOSED

### U.S. District Court
### Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:16-cv-02837-CAB-NLS

Sanders v. Old Dominion Freight Line, Inc. et al
Assigned to: Judge Cathy Ann Bencivengo
Referred to: Magistrate Judge Nita L. Stormes
Demand: $7,119,000
Case in other court: USCA, 17-80017
       Superior Court of California, County of
       San Diego, 37-02016-00030725-CU-
       OE-CTL
Cause: 28:1332nr Diversity-Notice of Removal

Date Filed: 11/18/2016
Date Terminated: 02/02/2017
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Eugene Sanders**
*an individual, on behalf of himself, and
on behalf of all persons similarly
situated*

represented by **Aparajit Bhowmik**
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
(858)551-1223
Fax: (858)551-1232
Email: aj@bamlawlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman B Blumenthal**
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
(858)551-1223
Fax: (858)551-1232
Email: norm@bamlawlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Bree Rivapalacio**
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
858-551-1223
Fax: 858-551-1232
Email: victoria@bamlawca.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EXHIBIT A**

Exhibit Q

Exh. A

V.

**Defendant**

**Old Dominion Freight Line, Inc.**                    represented by    **Matthew Charles Kane**
*a Corporation*                                                          McGuireWoods LLP
                                                                         1800 Century Park East
                                                                         8th Floor
                                                                         Los Angeles, CA 90067-1501
                                                                         (310) 315-8295
                                                                         Fax: (310) 315-8210
                                                                         Email: mkane@mcguirewoods.com
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **John A. Van Hook**
                                                                         McGuire Woods LLP
                                                                         1800 Century Park East
                                                                         8th Floor
                                                                         Los Angeles, CA 90067
                                                                         (310) 315-8200
                                                                         Fax: (310) 315-8210
                                                                         Email: jvanhook@mcguirewoods.com
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Sabrina A. Beldner**
                                                                         McGuire Woods LLP
                                                                         1800 Century Park East
                                                                         8th Floor
                                                                         Los Angeles, CA 90067
                                                                         (310) 956-3419
                                                                         Fax: (310) 315-8210
                                                                         Email: sbeldner@mcguirewoods.com
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Sylvia Jihae Kim**
                                                                         McGuire Woods LLP
                                                                         1800 Century Park East
                                                                         8th Floor
                                                                         Los Angeles, CA 90067
                                                                         (310) 315-8216
                                                                         Fax: (310) 956-3116
                                                                         Email: skim@mcguirewoods.com
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1 through 50**
*Inclusive*

**EXHIBIT A**

Exh. A

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2016 | 1 | NOTICE OF REMOVAL with Jury Demand from Superior Court of California, County of San Diego, case number 37-2016-00030725-CU-OE-CTL. (Filing fee $ 400 receipt number 0974-9588293.), filed by Old Dominion Freight Line, Inc. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-F)<br><br>The new case number is 3:16-cv-02837-CAB-NLS. Judge Cathy Ann Bencivengo and Magistrate Judge Nita L. Stormes are assigned to the case.(lrf) Modified to update filer 11/18/2016; NEF regenerated. (lrf) (sjt). (Entered: 11/18/2016) |
| 11/18/2016 | 2 | NOTICE of Party With Financial Interest by Old Dominion Freight Line, Inc. re 1 Notice of Removal, . No Parties With Financial Interest. (Kane, Matthew) (dxj). (Entered: 11/18/2016) |
| 11/18/2016 | 3 | NOTICE OF RELATED CASE(S) by Old Dominion Freight Line, Inc. of case (s) 3:16-cv-04140-JD; 2:13-cv-00891 DSF (RZx); 2:13-cv-04742 DSF (RZx) re 1 Notice of Removal, . (Kane, Matthew) (dxj). (Entered: 11/18/2016) |
| 11/25/2016 | 4 | MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* by Old Dominion Freight Line, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Kane, Matthew) (jjg). (Entered: 11/25/2016) |
| 11/30/2016 | 5 | NOTICE of Appearance by Victoria Bree Rivapalacio on behalf of Eugene Sanders (Rivapalacio, Victoria)Attorney Victoria Bree Rivapalacio added to party Eugene Sanders(pty:pla) (jjg). (Entered: 11/30/2016) |
| 11/30/2016 | 6 | NOTICE of Appearance by Aparajit Bhowmik on behalf of Eugene Sanders (Bhowmik, Aparajit)Attorney Aparajit Bhowmik added to party Eugene Sanders(pty:pla) (jjg). (Entered: 11/30/2016) |
| 11/30/2016 | 7 | MOTION to Remand to State Court by Eugene Sanders. (Attachments: # 1 Memo of Points and Authorities)(Bhowmik, Aparajit) (jjg). (Entered: 11/30/2016) |
| 12/01/2016 | 8 | NOTICE of Appearance by Sabrina A. Beldner on behalf of Old Dominion Freight Line, Inc. (Beldner, Sabrina)Attorney Sabrina A. Beldner added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 12/01/2016) |
| 12/01/2016 | 9 | NOTICE of Appearance by Sylvia Jihae Kim on behalf of Old Dominion Freight Line, Inc. (Kim, Sylvia)Attorney Sylvia Jihae Kim added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 12/01/2016) |
| 12/01/2016 | 10 | RESPONSE in Opposition re 4 MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* filed by Eugene Sanders. (Attachments: # 1 Declaration in Support of |

**EXHIBIT A**

**Exh. A**

| | | |
|---|---|---|
| | | Opposition)(Bhowmik, Aparajit) (jjg). (Entered: 12/01/2016) |
| 12/14/2016 | 11 | RESPONSE in Opposition re 7 MOTION to Remand to State Court filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Declaration of Laura Williams, # 2 Request for Judicial Notice)(Kane, Matthew) (jjg). (Entered: 12/14/2016) |
| 12/15/2016 | 12 | REPLY to Response to Motion re 7 MOTION to Remand to State Court filed by Eugene Sanders. (Attachments: # 1 Declaration of Aparajit Bhowmik in Support of Reply)(Bhowmik, Aparajit) (jjg). (Entered: 12/15/2016) |
| 12/16/2016 | 13 | REPLY to Response to Motion re 4 MOTION to Dismiss for Failure to State a Claim *and/or to Strike Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f)* filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Supplemental Request for Judicial Notice)(Kane, Matthew) (jjg). (Entered: 12/16/2016) |
| 12/19/2016 | 14 | OBJECTION by Old Dominion Freight Line, Inc. re 12 Reply to Response to Motion *Objections to and Motion to Strike (1) Plaintiff's New Reply Facts, Arguments and Authorities Improperly Submitted in Support of Motion to Remand; and (2) Reply Declaration of Aparajit Bhowmik Improperly Submitted in Support of Motion to Remand.* (Kane, Matthew) (jjg). (Entered: 12/19/2016) |
| 12/20/2016 | 15 | RESPONSE re 14 Objection, filed by Eugene Sanders. (Bhowmik, Aparajit) (jjg). (Entered: 12/20/2016) |
| 01/09/2017 | 16 | ORDER Re Objections and Granting Leave to File a Sur-Reply. Signed by Judge Cathy Ann Bencivengo on 01/09/2017.(jjg) (Entered: 01/09/2017) |
| 01/17/2017 | 17 | SUR-REPLY - re 16 Order filed by Old Dominion Freight Line, Inc.. (Attachments: # 1 Supplemental Declaration of Laura Williams in Support of Sur-Reply in Further Opposition to Plaintiff's Motion to Remand, # 2 Renewed Evidentiary Objections to and Motion Strike Plaintiff's Reply Declaration of Aparajit Bhowmik Improperly Submitted In Support of Motion to Remand) (Kane, Matthew) (jjg). (Entered: 01/17/2017) |
| 02/02/2017 | 18 | ORDER Re Motion to Remand and Motion to Dismiss. Plaintiff's 7 Motion to Remand to State Court is granted. Defendant's 4 Motion to Dismiss for Failure to State a Claim is denied as moot. Signed by Judge Cathy Ann Bencivengo on 2/2/2017. (Certified copy of order sent to State Court via US Mail Service.) (fth) (sjt). (Entered: 02/02/2017) |
| 02/08/2017 | 19 | NOTICE of Appearance by John A. Van Hook on behalf of Old Dominion Freight Line, Inc. (Van Hook, John)Attorney John A. Van Hook added to party Old Dominion Freight Line, Inc.(pty:dft) (jjg). (Entered: 02/08/2017) |
| 02/08/2017 | 20 | Ex Parte MOTION to Stay *or Alternatively to Recall, Remand Order [Dkt #18] Pending Defendant's Petition for Permission to Appeal and Exhaustion of Appellate Review* by Old Dominion Freight Line, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of J. Van Hook with Exhibit A)(Van Hook, John) (jjg). (Entered: 02/08/2017) |
| 02/09/2017 | 21 | RESPONSE in Opposition re 20 Ex Parte MOTION to Stay *or Alternatively to* |

**EXHIBIT A**

**Exh. A**

| | | |
|---|---|---|
| | | *Recall, Remand Order [Dkt #18] Pending Defendant's Petition for Permission to Appeal and Exhaustion of Appellate Review* filed by Eugene Sanders. (Bhowmik, Aparajit) (jjg). (Entered: 02/09/2017) |
| 02/09/2017 | 22 | ORDER Denying 20 Ex Parte Application to Stay or Recall Remand. Signed by Judge Cathy Ann Bencivengo on 2/9/2017. (jjg) (Entered: 02/09/2017) |
| 02/13/2017 | 23 | USCA Case Number 17-80017 for Petition for Permission to Appeal under 1453(c) filed by Old Dominion Freight Line, Inc. (akr) (Entered: 02/13/2017) |
| 03/01/2017 | 24 | ORDER of USCA in USCA Case Number 17-80017. The petition for permission to appeal pursuant to 28 U.S.C. § 1453(c) is denied. The urgent motion to stay the USDC's remand order is denied as moot. Denied. (akr) (Entered: 03/01/2017) |
| 05/18/2017 | 25 | ORDER of USCA in USCA Case Number 17-80017. We construe petitioner's petition for rehearing en banc as a motion for reconsideration en banc. So construed, the motion is denied on behalf of the court. No further filings will be entertained in this closed case. (akr) (Entered: 05/18/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/15/2017 18:35:31 | | |
| **PACER Login:** | ve0094:2658170:0 | **Client Code:** 0702439-0127 |
| **Description:** | Docket Report | **Search Criteria:** 3:16-cv-02837-CAB-NLS |
| **Billable Pages:** | 4 | **Cost:** 0.40 |

**EXHIBIT A**

Exhibit R

1 | **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
Norman B. Blumenthal (State Bar #068687)
2 | Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
3 | Piya Mukherjee (State Bar #274217)
Victoria B. Rivapalacio (State Bar #275115)
4 | 2255 Calle Clara
La Jolla, CA 92037
5 | Telephone: (858)551-1223
Facsimile: (858) 551-1232

7 | Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,

          Plaintiff,

vs.

OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive,

          Defendants.

CASE No. **37-2016-00030725-CU-OE-CTL**

**CLASS ACTION**

**PROOF OF SERVICE**

Exhibit R

Exhibit R

1   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2       I, Victoria B. Rivapalacio, am employed in the County of San Diego, State of California.  I
am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara,
3   La Jolla, California 92037.

4       On September 29, 2017, I served the document(s) described as:

5
6       **1.      PLAINTIFF'S CASE MANAGEMENT STATEMENT**

7   __XX__ : (BY MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be
placed in the United States mail at San Diego, California.  I am readily familiar with
8   this firm's business practice for collection and processing of correspondence for
mailing with the U.S. Postal Service pursuant to which practice the correspondence
9   will be deposited with the U.S. Postal Service this same day in the ordinary course of
business (C.C.P. Section 10139a); 2015.5):
10
    Matthew C. Kane
11  Sabrina A. Beldner
    MCGUIRE WOODS LLP
12  1800 Century Park East, 8th Floor
    Los Angeles, CA 90067
13

14

15
    __X__  (State): I declare under penalty of perjury under the laws of the State of California that the
16  above is true and correct.

17      Executed on September 29, 2017, at  La Jolla, California.

18
19                                                  _____
20                                                  Victoria B. Rivapalacio

21  K:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-pos-CMC st.wpd

22

23

24

25

26

27

28

Exhibit R

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Matthew C. Kane (SBN #171829); Sabrina A. Beldner (SBN #221918)
Sylvia J. Kim (SBN #258363)
McGuireWoods LLP
1800 Century Park East, 8th Floor, Los Angeles, CA 90067

TELEPHONE NO.: 310-315-8200        FAX NO. *(Optional):* 310-315-8210

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Defendant OLD DOMINION FREIGHT LINE, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/12/2017** at 02:16:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101-3827
BRANCH NAME: Central

PLAINTIFF/PETITIONER: EUGENE SANDERS

DEFENDANT/RESPONDENT: OLD DOMINION FREIGHT LINE, INC.

| CASE NUMBER: |
|---|
| 37-2016-00030725-CU-OE-CTL |

JUDICIAL OFFICER:
Hon. Gregory W. Pollack

| **NOTICE OF RELATED CASE** | DEPT.: C-71 |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Issac Blanco v. Old Dominion Freight Line, Inc.

   b. Case number: 3:16-cv-04140

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102

   d. Department: 11 (Hon. James Donato)

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* Class Action

   f. Filing date: June 10, 2016

   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☒ involves the same parties and is based on the same or similar claims.

      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 1h

   i. Status of case:

      ☒ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

2. a. Title: Andrew Arteaga v. Old Dominion Freight Line, Inc.

   b. Case number: CIVDS1502699

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* San Bernardino County Superior Court, 247 W. Third Street, San Bernardino, CA

   d. Department: S26

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit S**

CM-015

| PLAINTIFF/PETITIONER: EUGENE SANDERS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OLD DOMINION FREIGHT LINE, INC. | 37-2016-00030725-CU-OE-CTL |

2. *(continued)*

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: February 19, 2015

    g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☒ involves the same parties and is based on the same or similar claims.

        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☒ disposed of by judgment

3. a. Title: Marco Rodriguez v. Old Dominion Freight Line, Inc.

    b. Case number:

    c. Court: ☐ same as above

        ☒ other state or federal court *(name and address):* United States District Court, Central District of California,

    d. Department: 7D

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: January 7, 2013

    g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☒ involves the same parties and is based on the same or similar claims.

        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☒ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: October 12, 2017

Matthew C. Kane, Esq. | McGuireWoods LLP
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit S**

**Exhibit S**

CM-015

| PLAINTIFF/PETITIONER: EUGENE SANDERS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OLD DOMINION FREIGHT LINE, INC. | 37-2016-00030725-CU-OE-CTL |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.   I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2.   | served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐   deposited the sealed envelope with the United States Postal Service.

   b. ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.   The *Notice of Related Case* was mailed:
   a.   on *(date):*
   b.   from *(city and state):*

4.   The envelope was addressed and mailed as follows:

   a. Name of person served:                           c. Name of person served:

      Street address:                                     Street address:

      City:                                               City:

      State and zip code:                                 State and zip code:

   b. Name of person served:                           d. Name of person served:

      Street address:                                     Street address:
      City:                                               City:

      State and zip code:                                 State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                             (SIGNATURE OF DECLARANT)

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit S**

Exhibit S

**PROOF OF SERVICE**

1

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

4

5       On October 12, 2017, I served the following document(s) described as **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF RELATED CASE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7       Norma B. Blumenthal, Esq.             Attorneys for Plaintiff

8       Kyle R. Nordrehaug, Esq.             Eugene Sanders
    Aparajit Bhowmik, Esq.

9       BLUMENTHAL, NORDREHAUG & BHOWMIK
    2255 Calle Clara

10       La Jolla, CA 92037
    Tel. 858.551.1223 / Fax. 858.551.1232

11   ☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

12

13

14

15   ☐    **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

16

17

18

19   ☒    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

20

21

22   ☐    **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

23       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25       Executed on October 12, 2017, at Los Angeles, CA.

26

27       Leigh-Anne Locke

28

Exhibit S

Exhibit T

**McGuireWoods LLP**
Matthew C. Kane (SBN #171829)
    Email:  mkane@mcguirewoods.com
Sabrina A. Beldner (SBN #221918)
    Email:  sbeldner@mcguirewoods.com
Sylvia J. Kim (SBN #258363)
    Email:  skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for OLD DOMINION FREIGHT LINE, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/13/2017** at 04:09:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| EUGENE SANDERS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>        vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>            Defendants. | CASE NO. 37-2016-00030725-CU-OE-CTL<br><br>**NOTICE OF RULINGS MADE AT STATUS CONFERENCE**<br><br>**Status Conference**<br>**Date:    October 13, 2017**<br>**Time:    1:30 p.m.**<br>**Dept.:   C-71**<br>**Judge:  Hon. Gregory W. Pollack** |

NOTICE OF RULINGS MADE AT STATUS CONFERENCE

Exhibit T

Exhibit T

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that, at the Status Conference held in this action on October 13, 2017, after conferring with counsel for the parties, the Court made the following rulings:

1. Plaintiff's Request for Entry of Default, which Plaintiff's counsel disclosed for the first time at the Status Conference had been submitted to the Court by Plaintiff for e-filing on October 13, 2017, without any advance notice to or discussion with counsel for Defendant, shall be and is deemed withdrawn; and

2. Plaintiff shall have leave to file and serve a Second Amended Complaint on or by October 20, 2017; and

3. A further status conference is set for January 26, 2017 at 1:30 p.m. in Department C-71.

DATED: October 13, 2017                MCGUIREWOODS LLP

                                    By: _____
                                        Matthew C. Kane, Esq.
                                        Sabrina A. Beldner, Esq.
                                        Sylvia J. Kim, Esq.

                                        Attorneys for Defendant
                                        OLD DOMINION FREIGHT LINE, INC.

**NOTICE OF RULINGS MADE AT STATUS CONFERENCE**

Exhibit T

**PROOF OF SERVICE**

1

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

2

3       I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

4

5       On October 13, 2017, I served the following document(s) described as **NOTICE OF RULINGS MADE AT STATUS CONFERENCE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7       Norma B. Blumenthal, Esq.                     Attorneys for Plaintiff
        Kyle R. Nordrehaug, Esq.                       Eugene Sanders
        Aparajit Bhowmik, Esq.

8       BLUMENTHAL, NORDREHAUG & BHOWMIK
        2255 Calle Clara

9       La Jolla, CA 92037
        Tel. 858.551.1223 / Fax. 858.551.1232

10

11  ☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

12

13

14  ☐   **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

15

16

17

18  ☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

19

20

21  ☐   **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

22

23       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24       Executed on October 13, 2017, at Los Angeles, CA.

25

26                                         _____
                                           Leigh-Anne Locke

27

28

Exhibit U

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 10/13/2017          TIME: 01:30:00 PM          DEPT: C-71

JUDICIAL OFFICER PRESIDING: Gregory W Pollack
CLERK: Terry Ray
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: L. Wilks

CASE NO: **37-2016-00030725-CU-OE-CTL**  CASE INIT.DATE: 09/02/2016
CASE TITLE: **Sanders vs Old Dominion Freight Line Inc [E-File]**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

---

**EVENT TYPE**: Status Conference (Civil)

---

**APPEARANCES**
Victoria B. Rivapalacio, counsel, present for Plaintiff(s) telephonically.
Matthew C Kane, counsel, present for Defendant(s) telephonically.

---

Per agreement of the parties, plaintiff's request for default is set aside. Plaintiff is to file and serve second amended complaint on or before October 20, 2017.

The Civil Case Management Conference is scheduled for 01/26/2018 at 01:30PM before Judge Gregory W Pollack.

_____
Judge Gregory W Pollack

Exhibit U

Exhibit V



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Eugene Sanders

DEFENDANT(S)/RESPONDENT(S): Old Dominion Freight Line Inc

Short Title: Sanders vs Old Dominion Freight Line Inc [E-File]

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2016-00030725-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/26/2018 | 01:30 pm | C-71 | Gregory W Pollack |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

Exhibit V

PrintExtract.aspx rev-77-000000678

Exhibit V

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Sanders vs Old Dominion Freight Line Inc [E-File]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2016-00030725-CU-OE-CTL** |
| --- | --- |



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at <u>San Diego</u>, California on <u>10/17/2017</u>. The mailing occurred at <u>Gardena, California</u> on <u>10/18/2017</u>.

Clerk of the Court, by: _____ , Deputy
                                                                    T. Ray

MATTHEW  C KANE
MCGUIRE WOODS LLP
1800  CENTURY PARK EAST, 8TH FLOOR
LOS ANGELES, CA 90067

NORMAN  B BLUMENTHAL
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255  CALLE CLARA
LA JOLLA, CA 92037

Exhibit V

1  **McGuireWoods LLP**
   Matthew C. Kane (SBN #171829)
2      Email:  mkane@mcguirewoods.com
   Sabrina A. Beldner (SBN #221918)
3      Email:  sbeldner@mcguirewoods.com
   Sylvia J. Kim (SBN #258363)
4      Email:  skim@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, CA  90067-1501
   Telephone:  310.315.8200
6  Facsimile:  310.315.8210

7  Attorneys for OLD DOMINION FREIGHT LINE, INC.

8

9

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/10/2017** at 10:36:00 AM

Clerk of the Superior Court
By Cody Newlan,Deputy Clerk

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                     **FOR THE COUNTY OF SAN DIEGO**

12  EUGENE SANDERS, an individual, on behalf       CASE NO. 37-2016-00030725-CU-OE-CTL
    of himself, and on behalf of all persons
13  similarly situated,                            **DEFENDANT OLD DOMINION**
                                                   **FREIGHT LINE, INC.'S STATUS**
14                    Plaintiff,                   **CONFERENCE STATEMENT**

15           vs.                                   **Status Conference**
                                                   **Date:    October 13, 2017**
16  OLD DOMINION FREIGHT LINE, INC., a             **Time:    1:30 p.m.**
    Corporation; and Does 1 through 50, Inclusive, **Dept.:   C-71**
17                                                 **Judge:   Hon. Gregory W. Pollack**
                      Defendants.
18

19

20

21

22

23

24

25

26

27

28

1  **TO THE HONORABLE GREGORY W. POLLACK, JUDGE OF THE SAN DIEGO**

2  **COUNTY SUPERIOR COURT, AND TO PLAINTIFF EUGENE SANDERS AND HIS**

3  **ATTORNEYS OF RECORD:**

4      Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant" or "ODFL") hereby

5  submits the following Status Conference Statement for the October 13, 2017 Status Conference set

6  by the Court:

7              **Defendant's Removal to Federal Court and Related Federal Proceedings**

8      On November 18, 2017, ODFL removed this action to the United States District Court for

9  the Southern District of California (the "District Court"), wherein it was assigned Case No. 3:16-

10  cv-02837-CAB-NLS (the "Federal Court Action"). *See* ROA #8.

11      On February 2, 2017, the District Court granted Plaintiff's Motion to Remand (the

12  "Remand Order"). On February 13, 2017, ODFL timely filed a Petition for Permission to Appeal

13  the Remand Order pursuant to 28 U.S.C. § 1453(c), which was denied by the Ninth Circuit on

14  March 1, 2017 (the "Order Denying Permission to Appeal"). On March 15, 2017, ODFL filed a

15  Petition for Rehearing En Banc in the Ninth Circuit requesting reconsideration en banc of the

16  Order Denying Permission to Appeal. The Petition for Rehearing En Banc was denied by the

17  Ninth Circuit on May 18, 2017, and ODFL subsequently decided not to petition for a writ of

18  certiorari to the United States Supreme Court.

19                      **The June 23, 2017 Status Conference**

20      As noted in ODFL's Status Conference Statement filed on June 16, 2017, as discussed

21  with the Court at the associated Status Conference held on June 23, 2017, and as reflected by the

22  Register of Actions for this case, this Court has *never received* any certified copy of the District

23  Court's Remand Order actually *transmitted by the Clerk* of that court. *See* ROA #17. Thus,

24  ODFL asserted at the last Status Conference that this Court has not yet been properly re-vested

25  with jurisdiction over this action. *See id.* Notably, Plaintiff's counsel did not dispute that

26  assessment at the June 23, 2017 Status Conference, even though Plaintiff had attempted to re-vest

27  the Court with jurisdiction on his own when, on June 5, 2017, *Plaintiff* lodged a certified copy of

28  the Remand Order in this action. *See* ROA #14. Consequently, the Court set a further Status

2

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT**

1  Conference in this action for October 13, 2017, but otherwise set no other dates or deadlines in

2  this action.  *See* ROA #20, #22.

3  <u>**Resolution of The Ongoing Issue of This Court's Jurisdiction Post-Remand Order**</u>

4  At present, the parties apparently do not see eye-to-eye on the status of the Court's

5  jurisdiction, but ODFL is prepared to resolve the issue as discussed below.

6  Specifically, On October 2, 2017, Plaintiff's counsel reversed course from the parties'

7  consensus at the June 23rd Status Conference, informing ODFL for the first time that it was now

8  taking the position that, because Docket Entry #18 in the Federal Court Action docket states,

9  "Certified copy of order sent to State Court via US Mail Service," that was sufficient to re-vest

10  this Court with jurisdiction.  However, as noted, there is no record in this Court's Register of

11  Actions for this case of the Remand Order ever being received by this Court pursuant to any such

12  mailing.

13  But, rather than wasting the parties' and the Court's time and resources litigating the issue

14  of whether the Court has been re-vested with jurisdiction, ODFL has offered to resolve the issue

15  by stipulating that the Remand Order would be deemed to have been received by the Court on

16  October 6, 2017 for the purpose of calculating any dates and deadlines related thereto.  Plaintiff

17  has thus far declined to so stipulate.

18  Notably, three months before Plaintiff even filed his own copy of the Remand Order with

19  this Court, he purported to file a First Amended Complaint ("FAC") in this Court.  *See* ROA #10.

20  However, consistent with the parties' consensus at the June 23, 2017 Status Conference that

21  jurisdiction had not yet been re-vested in this Court, Plaintiff does not take the position that any

22  response to the FAC has been due from ODFL, nor has he attempted to conduct any discovery in

23  this action since the District Court's entry of the Remand Order.  Since ODFL intends to file a

24  Demurrer and Motion to Strike Plaintiff's FAC, it is important that the date of this Court's *receipt*

25  of the Remand Order be set so that the pre-filing meet and confer and filing timing requirements

26  for bringing its Demurrer can be determined – pursuant to Code Civ. Proc. § 430.90(a)(2),

27  ODFL's deadline to file an answer or otherwise respond to that FAC does not occur until "30 days

28  from the day the original court *receives* the case on remand…."  (Emph. added).  Again, there is

Exhibit W

1  no record of this Court ever having *received* the Remand Order *from the District Court*.  Thus,

2  resolving the issue of when that occurred by deeming such *receipt* of this case on remand to have

3  happened on October 6, 2017, as proposed by ODFL, allows the case to move forward without

4  getting bogged down in litigating whether and when it occurred.[1]

5                                          **Case Scheduling**

6          In Plaintiff's Status Conference Statement (ROA #23), he proposes that no dates be set at

7  this time and, instead, the Court set a further Status Conference in 90 days.[2]  ODFL agrees that no

8  dates should be set at this time, other than setting a further Status conference in *not less than 90*

9  *days*, assuming that the issue of the Court's *receipt* of the case on remand is resolved such that it is

10  deemed to have occurred on October 6, 2017, as proposed by ODFL.

11

12  DATED: October 10, 2017                **McGuireWoods LLP**

13

14                                 By: _____
                                        Matthew C. Kane, Esq.
15                                      Sabrina A. Beldner, Esq.
                                        Sylvia J. Kim, Esq.
16
                                        Attorneys for Defendant
17                                      OLD DOMINION FREIGHT LINE, INC.

18

19

20

21

22

23

24  _____

25      [1] Note that ODFL also intends to move to dismiss, stay or abate this action pending the
    resolution of an earlier-filed putative class action currently being litigated in federal court and
26  involving substantially similar claims.

        [2] Plaintiff mis-identifies his Status Conference Statement as being a "Joint" one.  However,
27  ODFL has not participated in the preparation of that statement nor authorized its filing by Plaintiff
    on its behalf.

28

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT**

Exhibit W

Exhibit W

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On October 10, 2017, I served the following document(s) described as **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Norma B. Blumenthal, Esq. | Attorneys for Plaintiff |
| Kyle R. Nordrehaug, Esq. | Eugene Sanders |
| Aparajit Bhowmik, Esq. | |
| BLUMENTHAL, NORDREHAUG & BHOWMIK | |
| 2255 Calle Clara | |
| La Jolla, CA 92037 | |
| Tel. 858.551.1223 / Fax. 858.551.1232 | |

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 10, 2017, at Los Angeles, CA.

_Sherlynn Hicks_
Sherlynn Hicks

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S STATUS CONFERENCE STATEMENT**

Exhibit W

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | *FOR COURT USE ONLY* |
|---|---|---|
| STREET ADDRESS: | 330 W Broadway | |
| MAILING ADDRESS: | 330 W Broadway | |
| CITY AND ZIP CODE: | San Diego CA 92101-3827 | |
| BRANCH NAME: | Central | |

Short Title: Sanders vs Old Dominion Freight Line Inc [E-File]

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2016-00030725-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Matthew Kane |
| On Behalf of: | Old Dominion Freight Line Inc |
| Transaction Number: | 2402164 |
| Court Received Date: | 10/10/2017 |
| Filed Date: | 10/10/2017 |
| Filed Time: | 10:36 AM |
| Fee Amount Assessed: | $0.00 |
| Case Number: | 37-2016-00030725-CU-OE-CTL |
| Case Title: | Sanders vs Old Dominion Freight Line Inc [E-File] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Statement - Other<br> (Status Conference Statement) |

**Comments**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firmsite: www.bamlawca.com

6  Attorneys for Plaintiffs

7
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                **IN AND FOR THE COUNTY OF SAN DIEGO**
9

| | |
|---|---|
| 10 EUGENE SANDERS, DOUG BUTLER, DARREL FOLEY, GEORGE RENNER, and ROGER SHRADER, individuals, on behalf of themselves, and on behalf of all persons similarly situated, | Case No. **37-2016-00030725-CU-OE-CTL** |
| | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| Plaintiffs, | 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| vs. OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive, | 3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| Defendants. | 4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; |
| | 5. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| | 6. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, et seq.]. |
| | DEMAND FOR A JURY TRIAL |

Plaintiffs Eugene Sanders, Doug Butler, Darrel Foley, George Renner, and Roger Shrader ("PLAINTIFFS), individuals, on behalf of themselves and all other similarly situated current and former employees, allege upon information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.      Plaintiff Eugene Sanders worked for Defendant Old Dominion Freight Line Inc. ("DEFENDANT") in California from September of 2014 through October of 2015 as a Truck Driver.  Plaintiff Doug Butler worked for DEFENDANT in California from June of 2010 through January of 2017 as a Truck Driver.   Plaintiff Darrel Foley has worked for DEFENDANT in California since October of 2010 as a Truck Driver. Plaintiff George Renner worked for DEFENDANT in California from January of 2012 through March of 2017 as a Truck Driver. Plaintiff Roger Shrader has worked for DEFENDANT in California since December of 2010 as a Truck Driver.   As Truck Drivers, PLAINTIFFS' work required the performance of manual labor consisting of driving DEFENDANT's trucks and transporting for DEFENDANT in California.  In performing these duties, PLAINTIFFS did not utilize any independent discretion, judgment, or management decisions with respect to matters of significance.  To the contrary, the work of PLAINTIFFS as Truck Drivers was to provide on a daily basis the transportation of goods in accordance with the management decisions and business policies established by DEFENDANT.  As a result, PLAINTIFFS were entitled to be paid minimum wages, accurate wage statements, and meal and rest periods as required by California law. PLAINTIFFS were paid by piece-rate only while they were employed as Truck Drivers for DEFENDANT.  Importantly, PLAINTIFFS were not provided with minimum wages for their non-production work time.  PLAINTIFFS also did not receive paid rest breaks as required by California law and DEFENDANT failed to provide PLAINTIFFS with the legally required meal periods.  DEFENDANT failed to pay PLAINTIFFS the correct amount of compensation because DEFENDANT established an illegal pay practice of paying PLAINTIFFS on a piece rate basis when delivering loads at the locations assigned by

2

Exhibit X

1  DEFENDANT.  DEFENDANT however failed to pay minimum wages for compensable time

2  worked.  The amount in controversy for PLAINTIFFS individually do not exceed the sum or

3  value of $75,000.

4         2.      Defendant Old Dominion Freight Line Inc. is a corporation that at all relevant

5  times mentioned herein conducted and continues to conduct substantial and regular business

6  throughout the State of California.  DEFENDANT operates a fleet of more than 6,900 tractors

7  and more than 27,000 trailers from more than 220 service centers. In addition to its core LTL

8  services, the company offers its customers a broad range of logistics services including ground

9  and air transportation, supply chain consulting, container delivery and warehousing and

10  household moving.

11        3.      PLAINTIFFS bring this class action on behalf of themselves and a California

12  class, defined as all individuals who are or previously were employed by Defendant Old

13  Dominion Freight Line Inc. as Truck Driver employees and worked in California (the

14  "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years

15  before the filing of this Complaint and ending on the date as determined by the Court (the

16  "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of

17  CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18        4.      The true names and capacities, whether individual, corporate, associate or

19  otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

20  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

21  pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFFS are informed and believe, and based

22  thereon, allege that each of the Defendants designated herein is legally responsible in some

23  manner for the unlawful acts referred to herein.  PLAINTIFFS will seek leave of Court to

24  amend this Complaint to reflect the true names and capacities of the Defendants when they have

25  been ascertained and become known.

26        5.      The agents, servants and/or employees of the Defendants and each of them acting

27  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

28  agent, servant and/or employee of the Defendants, and personally participated in the conduct

3

Exhibit X

1   alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

2   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

3   all Defendants are jointly and severally liable to the PLAINTIFFS and the other members of the

4   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

5   Defendants' agents, servants and/or employees.

6

7

8                          **THE CONDUCT**

9       6.      The work required to be performed by PLAINTIFFS and the other CALIFORNIA

10  CLASS Members was manual labor consisting of driving DEFENDANT's trucks and

11  transporting goods within the State of California in accordance with DEFENDANT's policies

12  and practices.  As a result of this work, PLAINTIFFS and the other CALIFORNIA CLASS

13  Members were involved in providing day to day routine transportation of goods as specified by

14  DEFENDANT and this work was executed by the performance of manual labor within a defined

15  skill set.  PLAINTIFFS and CALIFORNIA CLASS Members were not compensated through

16  a monthly salary.  PLAINTIFFS and the other CALIFORNIA CLASS Members employed by

17  DEFENDANT performed these manual tasks but were not paid the minimum wages to which

18  they were entitled because of DEFENDANT's systematic policies and practices of failing to

19  correctly record all time worked, including, but not limited to, time spent during pre and post

20  trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to

21  be ready for transport.  DEFENDANT failed to correctly pay minimum wages to PLAINTIFFS

22  and the other CALIFORNIA CLASS Members in accordance with California law, and thereby

23  systematically underpaid minimum compensation to PLAINTIFFS and the other CALIFORNIA

24  CLASS Members for their documented time worked.

25      7.      Individuals in these Truck Driver positions are and were employees who are

26  entitled to minimum wage compensation and prompt payment of amounts that the employer

27  owes an employee when the employee quits or is terminated, and other compensation and

28  working conditions that are prescribed by law.

Exhibit X

8.    Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage Order as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Here, PLAINTIFFS and CALIFORNIA CLASS Members are entitled to separate hourly compensation for time spent performing other non-driving tasks directed by DEFENDANT during their work shifts.

9.    In addition, DEFENDANT failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFFS and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFFS and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's failure to provide the PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is evidenced by DEFENDANT's business records.

10.    From time to time, DEFENDANT also failed to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab.

5

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

1    Code § 226.

2         11.     DEFENDANT as a matter of corporate policy, practice and procedure,

3    intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFFS

4    and the other CALIFORNIA CLASS Members for required business expenses incurred by the

5    PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging

6    their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers

7    are required to indemnify employees for all expenses incurred in the course and scope of their

8    employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

9    her employee for all necessary expenditures or losses incurred by the employee in direct

10   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

11   the employer, even though unlawful, unless the employee, at the time of obeying the directions,

12   believed them to be unlawful."

13        12.     In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS

14   Members as a business expense, were required by DEFENDANT to use their own personal

15   cellular phones as a result of and in furtherance of their job duties as employees for

16   DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

17   associated with the use of their personal cellular phones for DEFENDANT's benefit. As a

18   result, in the course of their employment with DEFENDANT the PLAINTIFFS and other

19   members of the CALIFORNIA CLASS incurred unreimbursed business expenses which

20   included, but were not limited to, costs related to the use of their personal cellular phones all

21   on behalf of and for the benefit of DEFENDANT.

22        13.     In this action, PLAINTIFFS, on behalf of themselves and the CALIFORNIA

23   CLASS, seeks to recover all the compensation that DEFENDANT is required by law to provide,

24   but failed to provide, to PLAINTIFFS and all other CALIFORNIA CLASS Members.

25   PLAINTIFFS also seek penalties and all other relief available to them and other CALIFORNIA

26   CLASS Members under California law. Finally, PLAINTIFFS seek declaratory relief finding

27   that the employment practices and policies of the DEFENDANT violated California law and

28

1 injunctive relief to enjoin the DEFENDANT from continuing to engage in such employment

2 practices.

3        14.      In performing the conduct herein alleged, the DEFENDANT's wrongful conduct

4 and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFFS and

5 the other members of the CALIFORNIA CLASS of money and career opportunities to which

6 they were lawfully entitled.  DEFENDANT engaged in such wrongful conduct by failing to

7 have adequate employment policies and maintaining adequate employment practices consistent

8 with such policies and the applicable law. DEFENDANT's wrongful conduct as herein alleged

9 caused the money belonging to the PLAINTIFFS and the other members of the CALIFORNIA

10 CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for

11 DEFENDANT's own use.

12        15.      DEFENDANT's practices violated and continue to violate the law, regardless

13 of whether the employees' work is paid by commission, by salary, by piece rate, or by part

14 commission, part piece rate, and/or part salary.  As a result of this policy and practice,

15 DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

16        16.      Accordingly, DEFENDANT committed acts of unfair competition in violation

17 of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by

18 engaging in company-wide policies that violated the California Labor Code and regulations

19 promulgated thereunder as herein alleged.

20                        **THE CALIFORNIA CLASS**

21        17.      PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

22 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

23 Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of themselves and a California

24 class, defined as all individuals who are or previously were employed by DEFENDANT as

25 Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time

26 during the period beginning on the date four (4) years before the filing of this Complaint and

27 ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The

28                                7

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

1  amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five

2  million dollars ($5,000,000.00).

3        18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

4  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

5  Requirements, and the applicable provisions of California law, intentionally, knowingly, and

6  wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive

7  method to calculate minimum, and payment for missed meal periods and off-duty rest breaks

8  owed to the PLAINTIFFS and the other members of the CALIFORNIA  CLASS.

9        19.    All CALIFORNIA CLASS Members, including the PLAINTIFFS, performed

10  the same manual labor and were paid by DEFENDANT according to uniform and systematic

11  company procedures, which, as alleged herein above, and failed to correctly pay minimum

12  wages.   This business practice is uniformly applied to each and every member of the

13  CALIFORNIA CLASS, and therefore, the propriety of these business practices can be

14  adjudicated on a class-wide basis.

15        20.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

16  California law by:

17              (a)    Committing an act of unfair competition in violation of the California

18                     Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

19                     unlawfully, unfairly and deceptively having in place company policies,

20                     practices and procedures that uniformly denied PLAINTIFFS and the

21                     members of the CALIFORNIA CLASS the correct minimum wages and

22                     otherwise violated applicable law;

23              (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

24                     §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

25                     having in place company policies, practices and procedures that uniformly

26                     and systematically fail to provide and record all the legally required

27                     unpaid, off-duty meal periods and all the legally required paid, off-duty

28

---

8

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

Exhibit X

1    rest periods to the PLAINTIFFS and the CALIFORNIA CLASS
2    members; and,

3    (c)    Committing an act of unfair competition in violation of the California
4    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by
5    violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFFS
6    and the CALIFORNIA CLASS members with necessary expenses
7    incurred in the discharge of their job duties.

8    21.    This Class Action meets the statutory prerequisites for the maintenance of a Class
9    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

10    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous
11    that the joinder of all CALIFORNIA CLASS Members is impracticable
12    and the disposition of their claims as a class will benefit the parties and the
13    Court;

14    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues
15    that are raised in this Complaint are common to the CALIFORNIA
16    CLASS and will apply uniformly to every member of the CALIFORNIA
17    CLASS;

18    (c)    The claims of the representative PLAINTIFFS are typical of the claims of
19    each member of the CALIFORNIA CLASS. PLAINTIFFS, like all other
20    members of the CALIFORNIA CLASS, were subjected to
21    DEFENDANT's illegal practice of failing to pay minimum wages for all
22    time worked by the PLAINTIFFS and other members of the
23    CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a
24    result of DEFENDANT's employment practices. PLAINTIFFS and the
25    members of the CALIFORNIA CLASS were and are similarly or
26    identically harmed by the same unlawful, deceptive, unfair and pervasive
27    pattern of misconduct engaged in by the DEFENDANT; and,

28

9

Exhibit X

(d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

22.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT subjects these employees to

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of DEFENDANT's conduct towards PLAINTIFFS and

Exhibit X

the CALIFORNIA CLASS.

23.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFFS, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of

12

Exhibit X

the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.   DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUBCLASS**

25.   PLAINTIFFS further bring the Second, Third, and Fourth Causes of Action on behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT as Truck Driver employees and worked in California (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

Members is under five million dollars ($5,000,000.00).

26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS PERIOD should be adjusted accordingly.

27.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

28.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay minimum wage compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations;

(b)    Whether DEFENDANT's policy and practice of failing to pay CALIFORNIA LABOR SUBCLASS Members wages, including minimum wages for all time worked, violates applicable provisions of California law;

(c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-

14

Exhibit X

CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(d)     Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUBCLASS Members with accurate records of time worked;

(e)     Whether DEFENDANT failed to reimburse CALIFORNIA LABOR SUB-CLASS Members for business expenses incurred that were necessary to perform their job duties for DEFENDANT; and,

(f)     Whether DEFENDANT's conduct was willful.

29.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b)     Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS Members with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

(c)     Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

30.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

15

Exhibit X

Exhibit X

(a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS are so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)     The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFFS, like all other members of the CALIFORNIA LABOR SUBCLASS, were denied compensation for all time worked as a result of DEFENDANT's systematic illegal and deceptive pay practices. PLAINTIFFS and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California. PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT as described above; and,

(d)     The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

31.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUBCLASS as a whole in that the DEFENDANT fails to pay these employees minimum wage compensation as a result of DEFENDANT's company wide illegal and deceptive pay practices;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUBCLASS members, and a Class Action is superior to other available methods for the

17

Exhibit X

fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)   The difficulties likely to be encountered in the management of a Class Action; and,

5)   The basis of DEFENDANT's conduct towards PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS.

32.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA

18

Exhibit X

LABOR SUBCLASS before the Court;

(d)     PLAINTIFFS, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT.    The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR SUBCLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33.     DEFENDANT maintains records from which the Court can ascertain and identify

by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

34.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

35.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFFS worked for DEFENDANT in this County and DEFENDANT (i) currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

## FIRST CAUSE OF ACTION
### For Unlawful, Unfair and Deceptive Business Practices
### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]
### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

36.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37.    DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

Exhibit X

competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197, 1198 and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFFS and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule

Exhibit X

Exhibit X

for the PLAINTIFFS and other CALIFORNIA CLASS Members was set by DEFENDANT.

42.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFFS and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.    Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

45.    PLAINTIFFS further demand on behalf of themselves and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

46.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFFS and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

47.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

Exhibit X

oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

49.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

50.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

51.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

52.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFFS and CALIFORNIA CLASS Members.

53.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

55.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

56.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.

57.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

58.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

Exhibit X

benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

59.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

60.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

61.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.     DEFENDANT knew or should have known that the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

63.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of

25

Exhibit X

depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

64.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, the PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

65.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

66.    Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under

26

Exhibit X

subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.    From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee.  DEFENDANT failed to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, DEFENDANT provided the PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal.

Exhibit X

Lab. Code § 226.

68.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS.    These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

**FOURTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By Plaintiff Sanders and Renner and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

69.    Plaintiffs Sanders and Renner, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable

Exhibit X

immediately."

72.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73.    There was no definite term in Plaintiff Sanders' and Renner's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

74.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75.    The employment of Plaintiff Sanders and Renner and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

76.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, Plaintiff Sanders and Renner demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

///

///

///

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

77.    PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

78.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

79.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the

Exhibit X

Exhibit X

laws and regulations of California.

80.    PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SIXTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, *et seq.*]

### (By PLAINTIFFS and Against All Defendants)

81.    PLAINTIFFS incorporates by reference the allegations set forth in paragraphs 1-80, supra, as though fully set forth at this point.

82.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

83.    PLAINTIFFS, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act,  brings this Representative Action on behalf of the State of California with respect to themselves and  all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California during the

31

Exhibit X

time period of September 2, 2015 until the present (the "AGGRIEVED EMPLOYEES").

84.    On September 7, 2016, PLAINTIFFS gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

85.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay PLAINTIFFS and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 204, 226(a), 226.7, 256, 512, 1194, 1197, 1197.1, 1198, 2802 and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct.  PLAINTIFFS hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFFS and the other AGGRIEVED EMPLOYEES.

### PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

B)    An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFFS and the other members of the CALIFORNIA CLASS;

C)    Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS according to proof; and,

D)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.    On behalf of the CALIFORNIA LABOR SUBCLASS:

A)    That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

D)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

(E)    The amount of the expenses PLAINTIFFS and each member of the

33

Exhibit X

Exhibit X

CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.  On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

    A)  Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004.

4.  On all claims:

    A)  An award of interest, including prejudgment interest at the legal rate;

    B)  Such other and further relief as the Court deems just and equitable; and,

    C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, §1194 and/or §2802.

Dated: October 20, 2017              BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP

                                     By:    /s/ Norman Blumenthal
                                            Norman B. Blumenthal
                                            Attorneys for Plaintiffs

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS demands jury trial on issues triable to a jury.


Dated: October 20, 2017            BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP


By:    /s/ Norman Blumenthal
         Norman B. Blumenthal
         Attorneys for Plaintiffs

G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-SAC.wpd

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

Exhibit X



# **EXHIBIT #1**

36

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.:37-2016-00030725-CU-OE-CTL

Exhibit X

Exhibit X

FACSIMILE
(858) 551-1232

# BLUMENTHAL, NORDREHAUG & BHOWMIK

2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com

*San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Chicago*

TELEPHONE
(858) 551-1223

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

September 7, 2016
CA1262

**VIA EMAIL TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Old Dominion Freight Line Inc.
Certified Mail # 70142120000378196045
CT Corporation
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 204, 226(a), 226.7, 512, 1194, 1197, 1197.1, 1198, 2802, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Eugene Sanders ("Plaintiff"), and other aggrieved employees in a lawsuit against Old Dominion Freight Line Inc. ("Defendant"). Plaintiff was employed by Defendant in California from September of 2014 to October of 2015 as a Truck Driver Employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control. Defendant, however, unlawfully failed to record and pay Plaintiff and other aggrieved employees for all of their time worked and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiff further contends that Defendant failed to provide accurate wage statements to him, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, 1194, 1197, 1197.1, 1198, 2802, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as

Exhibit X

if fully set forth herein.  If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the Complaint filed in the San Diego County Superior Court, Case No. 37-2016-00030725-CU-OE-CTL, against Defendant as authorized by California Labor Code section 2695, *et seq*.  The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiff, the Defendant and the notice.  The pending lawsuit consists of other aggrieved employees.  As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\l-paga-01.wpd

Exhibit X

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
        Norman B. Blumenthal (State Bar #068687)
2       Kyle R. Nordrehaug (State Bar #205975)
        Aparajit Bhowmik (State Bar #248066)
3       Piya Mukherjee (State Bar #274217)
        Victoria B. Rivapalacio (State Bar #275115)
4   2255 Calle Clara
    La Jolla, CA 92037
5   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
6

7   Attorneys for Plaintiff

8

9                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **IN AND FOR THE COUNTY OF SAN DIEGO**

11

12

13  EUGENE SANDERS, an individual, on          CASE No. **37-2016-00030725-CU-OE-CTL**
    behalf of himself, and on behalf of all persons
14  similarly situated,                         **CLASS ACTION**

15              Plaintiff,

16                                              **PROOF OF SERVICE**
    vs.
17
    OLD DOMINION FREIGHT LINE INC., a
18  Corporation; and Does 1 through 50,
    Inclusive,
19

20              Defendants.

21

22

23

24

25

26

27

28

─────────────────────────────────────────
                        PROOF OF SERVICE
                                            Case No. 37-2016-00030725-CU-OE-CTL

Exhibit Y

1   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2       I, Piya Mukherjee, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La
3   Jolla, California 92037.

4       On October 20, 2017, I served the document(s) described as:

5

6     **1.**     **SECOND AMENDED CLASS ACTION COMPLAINT**

7   __XX__ : (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily familiar with
8   this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence
9   will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

10

11   Matthew C. Kane
Sabrina A. Beldner
12   MCGUIRE WOODS LLP
1800 Century Park East, 8th Floor
13   Los Angeles, CA 90067

14   Eservice via onelegal

15

16   __X__  (State): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

17   Executed on October 20, 2017, at La Jolla, California.

18

19

20                         /s/Piya Mukherjee
                         Piya Mukherjee

21   G:\D\Dropbox\Pending Litigation\Old Dominion -Sanders\p-pos-SAC.wpd

22

23

24

25

26

27

28

Exhibit Y